**Leon Cable v. NH State Prison**     **CV-98-573-B**     **07/08/99**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Leon Cable,
     Petitioner

     v.                                    Civil No. 98-573-B

Michael J. Cunningham, Warden,
New Hampshire State Prison,
     Respondent


**O R D E R**

Petitioner Leon Cable, <u>pro</u> <u>se</u>, is currently serving a 6-to-15-year sentence in the New Hampshire State Prison for aggravated felonious sexual assault.  He has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (West 1994 & Supp. 1999), alleging four violations of his constitutional rights.  Cable now seeks summary judgment on Count I of his petition.  For the reasons set forth below, I deny Cable's motion.

**FACTS**

On October 26, 1987, Cable entered an "<u>Alford</u>" plea to charges of aggravated felonious sexual assault which occurred in 1981 in Hillsborough County.[1]  He was sentenced to serve 6-to-15

_____

[1] Pursuant to <u>North Carolina v. Alford</u>, a court may accept a defendant's guilty plea, even where the defendant continues to

years, to run concurrently with two sentences for felonious
sexual assault which occurred in Merrimack County in 1986. The
Hillsborough County sentence is the one at issue here, as Cable
has completely served the two Merrimack County sentences.

In 1992, Cable filed a motion for clarification and
modification of his sentence with the Hillsborough County
Superior Court. In his motion, Cable claimed that the prison had
miscalculated his maximum release date. At issue was the
prison's application of the sentencing statute which was in
effect in 1981, rather than the amended statute in effect in
1986. The 1981 law provided that:

> any prisoner may by good conduct and obedience . . .
> earn credits against his sentence as follows:
> I.  Ninety days for each full year of the minimum term
> of his sentence prorated for a part of any such year,
> to be applied only against the minimum term of his
> sentence.
> II.  In addition to the foregoing, 5 days for each
> month of meritorious service, which may be granted in
> the discretion of the warden for exemplary conduct.
> Credits for meritorious service shall be applied
> against both the minimum and maximum terms of the
> sentence.

N.H. R.S.A. 651:55-b (Supp. 1981). Credit earned pursuant to
Part I of the statute is referred to as "statutory good time,"

---

maintain his innocence, where the defendant believes that
pleading guilty is the best choice available to him. 400 U.S. 25
(1970).

while the discretionary credit awarded pursuant to Part II is "meritorious good time." The Court (Arnold, J.), in an order dated March 5, 1993, found that the prison properly applied the earlier statute to calculate Cable's maximum release date. See Petition for Writ of Habeas Corpus, attachments at 163-66. The Court found that the prison erred, however, by failing to give Cable meritorious good time credits earned after his minimum date of parole. Thus, although the prison claimed that Cable should be released no later than August 21, 2001, the Court found that Cable's maximum release date should fall between January 26 and February 26 of 2000. In a subsequent order, dated June 8, 1993, the Court set Cable's maximum release date at February 21, 2000. See id. at 175-76.

Nearly three years later, on May 6, 1996, Cable filed a petition for a writ of habeas corpus in Merrimack County Superior Court. His petition alleged, once again, that his maximum release date was incorrect. Cable also alleged a claim of ineffective assistance of counsel. After a hearing, at which Cable was represented by counsel, the Court (Hampsey Jr., J.) issued an order granting Cable leave to amend his petition. See Petition, attachments at 47-48. The Court specifically noted:

> At the hearing the defendant conceded that the Court's calculations of his sentence have been addressed and he

-3-

is precluded from further adjudication of this issue. Id. at 48. Cable's petition was denied in an order dated November 19, 1996. See id. at 33-39. In that order, the Court (Gray, J.) referred to the prior order, stating that:

> The Court recognized that it had previously calculated petitioner's maximum release date, and that petitioner had conceded that the Court's calculations of his sentence had been addressed and that he is precluded from further adjudication on the issue.

Id. at 33. The Court went on to address Cable's ineffective assistance of counsel claim, rejecting it on the merits. See id. at 37, 39.

Cable filed a notice of appeal with the New Hampshire Supreme Court on December 6, 1996, seeking reconsideration of Judge Gray's order denying his petition for a writ of habeas corpus. Cable cited two grounds in his notice of appeal:

> 1. Whether the trial court erred in denying petitioner's Petition for a Writ of Habeas Corpus, where the Petitioner demonstrated that he had been erroneously informed by his counsel regarding the statutory good time provisions, and but for that error, the Petitioner would not have entered the Alford plea of guilty?
> 2. Whether the trial court erred in denying the Petitioner's Petition for Writ of Habeas Corpus where the underlying Alford plea of guilty was not made intelligently?

Id. at 78. The record before me does not reflect the outcome of that appeal.

-4-

Cable sought, once again, to resurrect the maximum release date issue in a motion to suspend his sentence filed with the Hillsborough County Superior Court on July 14, 1997. Judge Carol Ann Conboy denied his motion without prejudice, and directed Cable to seek reconsideration of his maximum release date directly from Judge Arnold. See Petition, attachments at 20. Cable did so, but his request was apparently denied in an order dated January 5, 1998.[2]

Cable then appealed to the New Hampshire Supreme Court, filing a petition for a writ of certiorari, seeking review of Judge Arnold's 1998 order as well as Judge Arnold's 1993 calculation of his maximum release date. The Supreme Court, construing Cable's petition as a notice of appeal, summarily affirmed the lower court's order on September 10, 1998, finding that "no substantial question of law is presented by the appeal, and the court does not disagree with the result below." Petition, attachments at 8.

Cable filed a four-count petition for a writ of habeas corpus with this Court on October 16, 1998. Count I of his

_____

[2] Cable alleges that his request for reconsideration was denied by Judge Arnold on January 5, 1998. See Petition, attachments at 1. A copy of that order is not in the record before me.

-5-

petition, the only claim at issue here, alleges that the prison miscalculated his maximum release date. In so doing, Cable claims that Respondent violated his constitutional right to both equal protection and due process of law.

Cable now seeks summary judgment on Count I.[3] He claims that the pleadings sufficiently establish that his maximum release date was May 6, 1997. As such, he claims that he has been wrongfully incarcerated since that date and is entitled to immediate release. Respondent argues that Cable is both time barred and procedurally barred from litigating Count I of his petition.

## STANDARD

In a habeas corpus proceeding, as in all civil actions, summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[3] Cable's motion for summary judgment also alleges that Respondent has failed to comply with Rule 5 of the Rules Governing § 2254 Cases. Specifically, Cable claims that Respondent's Answer "fails to include portions of the transcripts it deems relevant, fails to sufficiently discuss what transcripts are available or when they can be produced, what records are available and procureable [sic]. The respondent specifically fails to advise this Court or the petitioner "WHEN" "he" will comply with Rule 5." Respondent's Answer and Objection to Petitioner's Motion for Summary Judgment state that Respondent has undertaken, and continues to undertake, efforts to secure copies of the relevant transcripts and records. Respondent has sufficiently complied with Rule 5.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is one "that properly can be resolved only by a finder of fact because [it] . . . may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one that affects the outcome of the suit. See id. at 248. In ruling on a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-movant and determine whether the moving party is entitled to judgment as a matter of law. See Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). I apply these standards to Cable's motion for summary judgment.

## DISCUSSION

Respondent argues that Count I of Cable's petition is both procedurally barred and time barred. For the reasons set forth below, I find that Respondent's arguments, at a minimum, preclude the entry of summary judgment in Cable's favor on Count I. Moreover, because I find merit in Respondent's arguments, I am inclined to grant Respondent summary judgment on Count I. I

decline to do so in this Order, however.  Instead, I will first direct Cable to file a memorandum of law addressing Respondent's arguments and setting forth reasons why I should not grant Respondent summary judgment on Count I of his petition.

## 1.    Procedural bar to Count I of Cable's petition.

In <u>Coleman v. Thompson</u>, the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. 722, 750 (1991).

Count I of Cable's petition alleges that Respondent has miscalculated his maximum release date.  Cable did not seek reconsideration of Judge Arnold's 1993 order setting his maximum release date until 1997 and apparently did not raise the issue before the state Supreme Court until 1998.  Moreover, Cable conceded in state habeas corpus proceedings in 1996 that he was precluded from re-litigating the calculation of his maximum release date as another Court had already ruled on the issue. Although the state Supreme Court's decision regarding Cable's appeal is not contained in the record, Cable did not raise the

claim contained in Count I of his federal petition in his state notice of appeal. Thus, Respondent argues, Cable is procedurally barred from raising Count I of his petition in federal court. See, e.g., O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1734 (1999)(petitioner's failure to present federal habeas claims to state's highest court in timely fashion results in procedural default barring federal court review).

If, as Respondent claims, Cable has procedurally defaulted his claim, Cable is barred from bringing Count I of his petition in federal court unless he can show cause and prejudice in relation to his state procedural default, or that my refusal to address claims here will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). The current record, however, does not contain any facts or allegations which would lead me to conclude that I can reach the merits of Count I.

## 2. AEDPA and the statute of limitations.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1) states that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A)

the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C.A. § 2244(d)(1) (West Supp. 1999). Where a habeas petitioner seeks relief from a judgment which became final prior to AEDPA's enactment, he is afforded a one-year "grace period" from AEDPA's effective date in which to file his petition. See Rogers v. United States, __ F.3d __, 1999 WL 398092 at *4 (1st Cir. 1999). President Clinton signed AEDPA into law on April 24, 1996. See id. at *3. Thus, although Cable was sentenced in 1987, he had until April 24, 1997, to file his federal petition for a writ of habeas corpus. See id. at *4. Cable did not file his petition with this Court until October 16, 1998. Respondent claims, therefore, that Cable is barred by AEDPA's one-year statute of limitations from litigating Count I of his petition. I am inclined to agree.[4]

_____

[4] Cable's reliance on 28 U.S.C. § 2244(d)(1)(D) is unpersuasive. See Petitioner's Traverse to Respondent's Answer (document no. 10), at §§ 16-17; 28 U.S.C. § 2244(d)(1) (West Supp. 1999). Section 2244(d)(1)(D) states that the one-year limitation period shall run from the latest of several dates, including "(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Cable cannot reasonably claim that § 2244(d)(1)(D) extends the statute of limitations to save Count I. The facts underlying any claim based upon Judge Arnold's alleged miscalculation of Cable's release date were unquestionably available to Cable in 1993, when Judge Arnold issued his orders.

AEDPA does exclude from the one-year limitations period any time during which the petitioner's "properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C.A. § 2244(d)(2) (West Supp. 1999). The New Hampshire Supreme Court denied Cable's petition for a writ of certiorari on September 10, 1998. Cable appears to argue that the one-year statute of limitations began running on that date. See Petitioner's Traverse to Respondent's Answer, at ¶¶ 17-18. His argument, however, has little merit. Cable did not file the motion to suspend his sentence, which he ultimately appealed to the state Supreme Court, until July 14, 1997 - three months after the AEDPA grace period expired. Thus, any time gained while his motions and petitions were pending would still fail to bring Cable's federal petition within the one-year limitations period.

Similarly, there is little merit to any argument that Cable's state petition for a writ of habeas corpus, filed with the Merrimack County Superior Court in 1996, should stay the running of AEDPA's limitations period. The record before me does not contain the outcome of his appeal to the Supreme Court, thus making it impossible to determine whether the time pending between his initial filing and the Supreme Court's decision would operate to save Count I pursuant to § 2244(d)(2). It seems

unlikely, however, that the Supreme Court failed to act on his notice of appeal - filed on December 6, 1996, - until October 16, 1997, one year prior to the date he filed his federal petition. Moreover, as discussed above, Cable conceded in state court proceedings that he was precluded from litigating the issue of his maximum release date, and he did not attempt to raise the issue anew in his notice of appeal to the state Supreme Court.

## CONCLUSION

Cable's motion for summary judgment on Count I of his petition (document no. 14) is denied. I hereby order Cable to file a memorandum of law with this Court within 15 days of the date of this Order. Cable's memorandum of law should address both of Respondent's arguments discussed above and set forth reasons why I should not enter judgment for Respondent on Count I. Should Cable fail to file the ordered memorandum, I will grant summary judgment for Respondent on Count I of Cable's petition. In light of this order, Cable's Motion to Expedite Decision (document no. 21) is dismissed as moot.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 8, 1999

cc:  Leon Cable, pro se
     Malinda R. Lawrence, Esq.