180 F.3d 349,
Scott N. ROGERS, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 98-2215.
 United States Court of Appeals,
First Circuit.
 Heard May 5, 1999.
Decided June 17, 1999.
 
 Appeal from the United States District Court for the District of New Hampshire. [Hon. Shane Devine, Senior U.S. District Judge ]
 Gordon R. Blakeney, Jr. for appellant.
 Peter E. Papps, First Assistant United States Attorney, with whom Paul M. Gagnon, United States Attorney, was on brief for appellee.
 Before Selya, Circuit Judge, Kravitch, Senior Circuit Judge,*and Lipez, Circuit Judge.
 LIPEZ, Circuit Judge.
 
 
 1
 Scott N. Rogers appeals from the district court's denial of his motion filed pursuant to 28 U.S.C. § 2255 to vacate his sentence and set aside his conviction. The court held that his motion was untimely under the limitations period imposed in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which allows prisoners one year from the date on which their convictions became final to file motions under § 2255. As interpreted by the district court (following the model of several other circuit courts of appeals), AEDPA allows prisoners such as Rogers whose convictions became final before AEDPA's effective date to file motions under § 2255 within one year of that date. Nonetheless, even on this standard, the court held that Rogers' motion was untimely. Rogers therefore challenges on appeal the validity of this interpretation of AEDPA, allowing filing only within a one year "grace period" from AEDPA's effective date.
 
 
 2
 Prior to denial of the original § 2255 motion, Rogers had moved to amend it by adding a claim based on newly discovered facts regarding the execution of his sentence. The court denied this motion to amend as moot in light of its denial of the original § 2255 motion. Rogers then moved to have the court reconsider the timeliness issue as to the new claims on the basis that the motion to amend was filed within one year of Rogers' discovery of new facts. The district court denied the motion. Rogers contests this decision as well on appeal. The district court issued a certificate of appealability limited to the sentencing issues. We ordered briefing on all issues, and now affirm.
 
 I. Background
 
 3
 On April 4, 1989, Manchester, New Hampshire police arrested Scott N. Rogers, a convicted felon who had escaped from the New Hampshire House of Corrections in January of that year. At the time of his capture, Rogers was in constructive possession of a handgun. Rogers was subsequently indicted by a federal grand jury as a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1), and was convicted on May 20, 1990 after a jury trial. He was sentenced on July 16, 1990 to a mandatory fifteen year sentence as an armed career criminal under 18 U.S.C. § 924(e)(1). Throughout the federal proceedings, Rogers was housed in the New Hampshire State Prison. The district court's 1990 judgment has no entry in the space reserved for "recommendations to the Bureau of Prisons," and there is no record that the district court either ordered or recommended that the New Hampshire State Prison should be the place of confinement for Rogers' federal sentence. There is also no indication of the court's intent as to whether the federal sentence should run concurrently with any future sentences for related pending state charges.[1] The district court's judgment and sentence indicates that Rogers was "remanded to the custody of the United States Marshal," but according to the terms of the writ of habeas corpus ad prosequendum, Rogers was to be returned to the warden of the New Hampshire State Prison upon completion of the federal court proceedings. The record does not indicate that Rogers was transferred to federal prison at any point.
 
 
 4
 Rogers' prosecution on related state charges followed. Through new counsel, Rogers pleaded guilty to all remaining[2] state felony charges on August 8, 1990. According to the records of the County Attorney, the New Hampshire Superior Court Judge had indicated to the parties prior to the plea agreement that, in light of the long federal sentence, he would not give any "consecutive time"--that is, he would not sentence Rogers to any time to be served after the federal sentence. Accordingly, the parties agreed that Rogers' sentences for eight of his nine state felony charges should run concurrent to each other and to the federal sentence. Rogers was thus sentenced to 3 1/2 to 7 years imprisonment on each of four of the state felony counts and 7 1/2 to 15 years imprisonment on each of the other four; all these sentences were to run concurrent to each other and to the federal sentence. Finally, Rogers received a suspended sentence of 7 1/2 to 15 years for the remaining charge of theft of a firearm. This suspended sentence was to run consecutive to the 15 year federal sentence. Following these state convictions, Rogers continued to be confined in the New Hampshire State Prison.
 
 
 5
 Rogers filed a timely notice of appeal from the federal convictions, but direct appeal was stayed to allow Rogers to consider the merits of filing a § 2255 motion (on ineffective assistance of counsel grounds). Although successor counsel was appointed, a § 2255 motion was never filed. We lifted the stay on February 18, 1994 and Rogers proceeded with his direct appeal before this court. We affirmed the federal conviction on December 8, 1994, see United States v. Rogers, 41 F.3d 25 (1st Cir.1994), and Rogers' sentence became final with the Supreme Court's denial of certiorari on June 5, 1995. See 515 U.S. 1126, 115 S.Ct. 2287, 132 L.Ed.2d 289 (June 5, 1995).
 
 
 6
 After another long delay following the denial of certiorari, Rogers filed a § 2255 motion in the district court on June 16, 1997. This motion, predicated entirely on ineffective assistance of counsel grounds, sought to have the sentence vacated and the conviction set aside. The government filed a motion to dismiss the § 2255 motion as untimely. On May 7, 1998, Rogers filed a motion to amend the § 2255 motion (hereinafter the "Motion to Amend") by adding a request "to Correct Sentence Nunc Pro Tunc to Effect Concurrent Running of Sentences by Ordering, or in the Alternative by Recommending, Designation of State Facility as Place of Confinement for Federal Sentence." On May 13, 1998, the district court denied the original § 2255 motion as untimely in light of the prevailing judicial interpretation of the AEDPA and denied as moot all other pending motions. Rogers then filed a "Motion to Alter or Amend Judgment under Rule 59(e) or Alternatively for Partial Relief from Judgment under Rule 60(b)."[3] Dkt. 21, May 26, 1998. He argued in his motion that the May 7th Motion to Amend derived "from facts arising within the one-year statute of limitations imposed by the [AEDPA]." Section 2255 provides:
 
 
 7
 A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
 
 
 8
 * * *
 
 
 9
 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
 
 
 10
 Rogers claimed that he had "newly discovered" that federal authorities intended that his federal sentence should begin running upon completion of his state sentence, i.e. consecutively to the state sentences. Since the government had not filed a responsive pleading,[4] Rogers maintained he had a right to amend the § 2255 motion "once as a matter of course" under Fed.R.Civ.P. 15(a) (governing amendment of pleadings), as he attempted to do with his May 7th Motion to Amend.[5] The district court denied this motion on August 13, 1998, on the ground that the § 2255 motion as amended would have effectively sought a reduction in an otherwise lawful sentence.[6]
 
 
 11
 Rogers filed a motion in support of his request for a certificate of appealability[7] on October 13, 1998. A limited certificate of appealability issued from the district court on October 28, 1998. The court's order stated that Rogers was "not entitled to a [certificate of appealability] on the issue of the timeliness of filing of his initial section 2255 petition," but that he was entitled to a certificate of appealability "limited to the issue of whether his federal sentence should be adjusted to run concurrently rather than consecutively" with the state sentences. We ordered all issues briefed, irrespective of the certificate of appealability. See Order (1st Cir. Nov. 30, 1998).
 
 II. Dismissal of the initial § 2255 motion
 
 12
 On April 24, 1996, President Clinton signed into law the AEDPA, which instituted a limitation period for filing motions under 28 U.S.C. § 2255, as follows:
 
 
 13
 A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
 
 
 14
 (1) the date on which the judgment of conviction becomes final;
 
 
 15
 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
 
 
 16
 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 
 
 17
 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
 
 
 18
 Rogers' conviction became final on June 5, 1995. In dismissing Rogers' § 2255 motion, the district court stated that AEDPA "clearly applies here, where the [§ 2255] motion was not filed until June 16, 1997," more than a year after the date on which Rogers' judgment of conviction became final. The court continued: "The date of filing is beyond the 12-month grace period ( [from the effective date of AEDPA, April 24, 1996] to April 24, 1997), which has been generally granted in cases of this type." See Order, Dkt. 19, No. 97-300-SD, at 3 (D.N.H. May 13, 1998). The court's reference to the general adoption of a grace period was correct.[8] Reasoning that it is impermissible to bar the filing of a § 2255 motion (or a habeas petition under 28 U.S.C. § 2254, governed by the similar limitations provisions AEDPA added to 28 U.S.C. § 2244(d)(1)) before the claimant has had a reasonable opportunity to bring it, all of the circuits which have addressed the issue have now concluded that a one year grace period (running from the effective date of AEDPA) in which to file a § 2255 motion (or a petition under § 2254) constitutes a reasonable opportunity.[9]
 
 
 19
 We now join those circuits by holding that the district court properly applied a one-year grace period in reviewing the timeliness of Rogers' § 2255 motion. There are compelling reasons for doing so:
 
 
 20
 When application of a new limitation period would wholly eliminate claims for substantive rights or remedial actions considered timely under the old law, the application is "impermissibly retroactive." ... The legislature cannot extinguish an existing cause of action by enacting a new limitation period without first providing a reasonable time after the effective date of the new limitation period in which to initiate the action. Indeed, the Supreme Court has stated that newly-enacted "statutes of limitations must allow a reasonable time after they take effect for the commencement of suits upon existing causes of action." Block v. North Dakota, 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 75 L.Ed.2d 840 ... (1983) (internal quotation marks omitted).
 
 
 21
 Brown v. Angelone, 150 F.3d 370, 373 (4th Cir.1998). Where a shortened limitations period would bar previously-accrued claims, and where the legislature itself has not specified a grace period,[10] courts traditionally have provided that a "reasonable time" shall be the shorter of: (1) the original limitation period, commencing at the time the action accrued, or (2) the new, shortened limitation period, commencing from the date the statute became effective. See Flores, 135 F.3d at 1002-06 (applying such a standard in holding that one year is "reasonable period" for purposes of § 2255); Kelly v. Burlington Northern R.R., 896 F.2d 1194, 1199 (9th Cir.1990) (labor context); Hanner v. Mississippi, 833 F.2d 55, 58 (5th Cir.1987) (section 1983 context); Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (section 1983 context); Anton v. Lehpamer, 787 F.2d 1141, 1146 (7th Cir.1986) (section 1983 context); see also Sohn v. Waterson, 84 U.S. (17 Wall.) 596, 21 L.Ed. 737 (1873) (applying new limitations period, running from effective date, to previously-accrued claims).[11]
 
 
 22
 Since there was formerly no time limitation on filing under § 2255, "application of this approach results in the holding that petitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on [AEDPA's] effective date, within which to file for section 2255 relief." Flores, 135 F.3d at 1006. All the circuits which have addressed the issue have now held that one year is a "reasonable time" after the effective date of AEDPA for allowing suits to commence upon pre-existing causes of action. See, e.g., Brown, 150 F.3d at 375 (holding that the "reasonable time" required and the one-year statutory period "coalesce" (citing Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir.1996) (en banc))); Ross v. Artuz, 150 F.3d 97, 101-02 (2d Cir.1998) (citing possibility of prisoner reliance on Lindh, statistical evidence of high rate of filings immediately prior to April 24, 1997, Department of Justice's "official position" that it would not seek to enforce new limitations period until April 24, 1997, and desirability of announcing bright-line rule setting a fixed period of time for petitioners to develop evidence and legal theories, in rejecting ad hoc "reasonable time" rule put forth in dicta in Peterson v. Demskie, 107 F.3d 92, 93 (2d Cir.1997)). Therefore, for causes of action accruing[12] before AEDPA's effective date, the grace period for filing a § 2255 motion ended on April 24, 1997,[13] well before Rogers filed his original § 2255 motion on June 16, 1997.[14]
 
 
 23
 III. Denial of the Motion to Amend based on newly discovered
 
 
 24
 information
 
 
 25
 Rogers has a separate argument for preserving the claims raised in his Motion to Amend the original § 2255 motion: namely, his contention that these claims, based on newly discovered facts, are governed by the one year limitation period of AEDPA measured from the time of first possible discovery in the exercise of due diligence:
 
 
 26
 A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
 
 
 27
 * * *
 
 
 28
 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
 
 
 29
 28 U.S.C. § 2255. In his motion to amend the court's May 13, 1998 judgment, Rogers stated that his May 7th "Motion to Amend does not arise from his original conviction, nor (primarily) from his sentence, but from facts arising within the one-year statute of limitations imposed by" AEDPA. Specifically, Rogers claims that he only recently was informed by the United States Marshal's Office that, during his time in the New Hampshire State Prison, Rogers was "considered to be in State of New Hampshire custody, and [would] not be processed for service of his federal sentence until his parole by state authorities." Motion to Amend, p 12. at 6. Rogers does not indicate when this fact became known to him (presumably he claims he learned it between his June 16, 1997 original § 2255 motion and the May 7, 1998 Motion to Amend), and, regardless of when his actual discovery occurred, Rogers gives no indication that this information could not have been discovered through the exercise of due diligence at some earlier point in time.
 
 
 30
 We need not resolve the due diligence/timeliness issue to dispose of the claims raised in the Motion to Amend. Instead, we assume arguendo that Rogers could not have discovered through the exercise of due diligence that his sentences would run consecutively until less than a year prior to the filing of his Motion to Amend. We also assume (without deciding) the correctness of his claim that he was entitled to amend his § 2255 motion by right. Even so, the new claims in Rogers' Motion to Amend are improperly brought. He first claims that the district court should have ordered or recommended designation of the state prison as the place of confinement for the federal sentence imposed on July 16, 1990; second, assuming the federal sentence properly commenced only on his release from New Hampshire State Prison, he claims credit for time already served in state prison against the federal sentence under 18 U.S.C. § 3585(b)(2). We analyze these claims in turn.
 
 
 31
 A. Ordering or recommending designation of the state prison as the place of confinement for the federal sentence
 
 
 32
 Rogers' Motion to Amend asks that the district court make a "correction to its sentence whereby the court orders, or in the alternative recommends that [New Hampshire State Prison] be designated as the place of confinement for [Rogers'] federal sentence." Motion to Amend, at p 26. There is authority for the notion that the Bureau of Prisons may make such a designation in nunc pro tunc fashion where the federal sentencing court is silent as to whether a federal sentence should run concurrently with "a not-yet-imposed state sentence." McCarthy v. Doe, 146 F.3d 118, 119 (2d Cir.1998); see also Barden v. Keohane, 921 F.2d 476, 483 (3d Cir.1991) (Bureau has authority to make such a designation). Therefore, prisoners similarly situated to Rogers may request that the Bureau of Prisons make such a designation. On similar facts, other courts of appeals have held that the Bureau must consider such a request. See id. at 478. Once administrative remedies under the Bureau of Prisons' Administrative Remedies Program are exhausted, see 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review of the request for designation by filing a habeas petition under 28 U.S.C. § 2241. See United States v. Pineyro, 112 F.3d 43, 45-46 (2d Cir.1997) (prisoner must exhaust administrative remedies before seeking review of designation of facility); Barden, 921 F.2d at 478-79 (petition under § 2241 is proper mode of challenge to Bureau of Prisons' refusal to consider designating state prison as place of confinement); United States v. Jalili, 925 F.2d 889, 893 (6th Cir.1991) (challenge to designation of facility properly cognizable under § 2241). Here, Rogers has failed to raise the matter before the Bureau of Prisons in the first instance. Even if he had exhausted administrative remedies, his § 2255 motion would not be the appropriate vehicle for a challenge to an administrative denial of a request for designation of place of confinement. See id. (district court lacked jurisdiction under § 2255 to challenge Bureau of Prisons' designation of facility for otherwise lawful sentence).[15]
 
 
 33
 B. Credit for time under 18 U.S.C. § 3585(b)(2)
 
 
 34
 Assuming that his federal sentence does begin running upon his parole from state prison, Rogers nonetheless claims that the district court has power to award him credit for time served in state prison under 18 U.S.C. § 3585(b)(2). See Motion to Amend, pp 22, 28. Section 3585 reads as follows:
 
 3585. Calculation of a term of imprisonment
 
 35
 (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
 
 
 36
 (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 37
 (1) as a result of the offense for which the sentence was imposed; or
 
 
 38
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.
 
 
 39
 Rogers' arrest for the state charges was subsequent to his possession of the firearm, the offense for which his federal sentence was imposed. Arguably, then, he would qualify for credit for prior custody under the literal terms of 18 U.S.C. § 3585(b)(2). However, it is well-established that a request for credit for prior custody under 18 U.S.C. § 3585(b)(2) must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing. See United States v. Wilson, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ("[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing."). Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review of any jail-time credit determination, see Wilson, 503 U.S. at 335, by filing a habeas petition under 28 U.S.C. § 2241.[16] See McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993). Rogers has not exhausted his administrative remedies, and even if he had, his § 2255 motion would once again not be the appropriate vehicle for a challenge to an administrative denial of credit for time served.
 
 
 40
 We therefore conclude that the district court did not err in dismissing Rogers' § 2255 motion as untimely, and in dismissing his Motion to Amend and his Motion to Amend Judgment.
 
 
 41
 Affirmed.
 
 
 
 *
 Of the Eleventh Circuit, sitting by designation
 
 
 [1]
 Rogers claims that there was an agreement or understanding--never memorialized--to the effect that Rogers' "primary term of imprisonment was and is his fifteen-year mandatory minimum sentence, into which his State sentences are subsumed as intended by [the federal sentencing] court." Motion to Amend, p 26., at 13. However, Rogers has produced no evidence of any such understanding at the federal sentencing
 
 
 [2]
 Rogers pleaded guilty to four counts of burglary, two counts of theft, one count of theft by receipt of stolen property, and one count of theft of a firearm. He had previously been found guilty (after a jury trial) of the charge of escape on March 28, 1990, prior to his federal conviction. He was also sentenced on this count in the August 8 proceeding
 
 
 [3]
 The rules referred to were Federal Rules of Civil Procedure 59 and 60, regarding amending a judgment and relief from judgment. Motions under § 2255 have often been construed as civil actions, much like habeas corpus proceedings. See Heflin v. United States, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) ("[A] motion under section 2255, like a petition for habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." (citation omitted)); Barrett v. United States, 965 F.2d 1184, 1187 n. 4 (1st Cir.1992) ("The Federal Rules of Civil Procedure are applicable to § 2255 proceedings."). However, Rule 12 of the Rules Governing Section 2255 Proceedings states that "[i]f no procedure is specifically prescribed by these rules, the district court may proceed in any manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules."
 
 
 [4]
 The government had filed only a motion to dismiss the § 2255 motion. Rogers argued that a motion to dismiss is not a responsive pleading within the terms of Federal Rule of Civil Procedure 15(a). See United States v. Newbury Mfg. Co., 123 F.2d 453, 454 (1st Cir.1941) (cited in Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1068 n. 1 (4th Cir.1993)); Fed.R.Civ.P. 7 (distinguishing pleadings from motions); 6 Wright & Miller, Federal Practice and Procedure § 1483 (same)
 
 
 [5]
 As it is unnecessary to the resolution of this case, we will not decide the correctness of Rogers' procedural claim
 
 
 [6]
 The court held that such a reduction was explicitly forbidden by the terms of Federal Rule of Criminal Procedure 35, which allows sentencing courts to modify sentences only under limited circumstances. The Advisory Committee explicitly rejected a proposal by the Federal Courts Study Committee that would have allowed defendants 120 days to come forward with "new factual information not known to the defendant at the time of sentencing" but relevant to sentencing. Fed.R.Crim.P. 35, Advisory Committee Notes, 1991 Amendment
 
 
 [7]
 Rogers was required to seek such a certificate from a circuit justice or a circuit or district judge pursuant to Fed. R.App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(1)(B)
 
 
 [8]
 We have previously recognized that other circuits have allowed such a grace period in the parallel context of AEDPA's new limitations period applicable to § 2254 habeas petitions, codified at 28 U.S.C. § 2244(d)(1). See Libby v. Magnusson, 1999 WL 315789, at * 3 (1st Cir. May 24, 1999). However, we did not have occasion to apply such a grace period on the facts of Libby
 
 
 [9]
 See Nichols v. Bowersox, 172 F.3d 1068, 1999 WL 203482 (8th Cir. Apr.13, 1999) (en banc) (§ 2254 petition); Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir.1998); Brown v. Angelone, 150 F.3d 370 (4th Cir.1998) (§ 2254 petition); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir.1998) (§ 2254 petition) (clarifying dicta in Peterson v. Demskie, 107 F.3d 92 (2d Cir.1997)); United States v. Flores, 135 F.3d 1000 (5th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999); Burns v. Morton, 134 F.3d 109 (3d Cir.1998) (§ 2254 petition); O'Connor v. United States, 133 F.3d 548, 550 (7th Cir.1998) (reaffirming language in Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc), rev'd on other grounds, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)); Calderon v. United States Dist. Court for C.D. Cal., 128 F.3d 1283 (9th Cir.1997) (§ 2254 petition), cert. denied, --- U.S. ----, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998), overruled on other grounds, 163 F.3d 530 (9th Cir.1998); United States v. Simmonds, 111 F.3d 737 (10th Cir.1997)
 
 
 [10]
 Where the legislature has specified a grace period, the legislative determination that such grace period constitutes a "reasonable opportunity" is entitled to "the greatest deference." See Texaco, Inc. v. Short, 454 U.S. 516, 532, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982); accord Ross v. Artuz, 150 F.3d at 100. Congress specified no such grace period in AEDPA
 
 
 [11]
 Rogers claims that application of a "judge-made" grace period constitutes an unconstitutional violation of separation of powers. He argues that "for courts to both create and review such a bright-line [grace-period] rule is not within their purview." See Appellant's Br. at 33. Rogers cites a Supreme Court opinion stating "[i]t is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action," Texaco, Inc. v. Short, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982) (quoting Wilson v. Iseminger, 185 U.S. 55, 62, 22 S.Ct. 573, 46 L.Ed. 804 (1902)), and claims that this statement implies that the legislature must allow for any such grace period. He argues that if none is provided, the "reasonable time" rule mandates that courts hold the statute unconstitutional. Rogers' position--that grace periods must be spelled out in statutes, and may not be interpreted into statutes by the courts if not spelled out--is directly contradicted by Sohn v. Waterson, 84 U.S. (17 Wall.) 596, 21 L.Ed. 737 (1873). That case dealt with a Kansas two-year statute of limitations, enacted in 1859, limiting the right to bring suit founded on judgments of other states' courts to two years from the date when the judgment was made. The Circuit Court held that the instant action (based on an 1854 Ohio judgment) "might have been brought at any time within two years after that act went into operation." Id. at 597. The Supreme Court explicitly approved of this construction, implicitly finding that it fell within the permissible category of remedial interpretations giving "the statute a construction that will enable it to stand." Id. at 599. The Court explicitly held that such a construction was "much more sound than" allowing "reasonable time ... to be estimated by the court," id. at 600, 599, and was consistent with the Court's past rulings, citing Ross v. Duval, 38 U.S. (13 Pet.) 45, 62, 10 L.Ed. 51 (1839), and Liews v. Lewis, 48 U.S. (7 How.) 776, 778, 12 L.Ed. 909 (1849). Given these precedents, we find no reason to conclude that our construction of AEDPA, allowing a one year "reasonable time" for filing § 2255 motions, "would trench upon the legislative powers vested in Congress," United States v. Albertini, 472 U.S. 675, 680, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985)
 
 
 [12]
 Accrual for this purpose shall be determined pursuant to the terms of the limitations provision in § 2255 (at p 6., quoted above in the first paragraph of section II of this opinion), describing four possible events from which the one year period might begin to run. Thus a cause of action might accrue on "the date on which the judgment of conviction became final," for example, or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."
 
 
 [13]
 See Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir.1998); Ross, 150 F.3d at 103 ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period. See, e.g., Fed.R.Civ.P. 6(a)."); contra Goodman, 151 F.3d at 1337; Burns, 134 F.3d at 111; Calderon, 128 F.3d at 1287; Simmonds, 111 F.3d at 746; Lindh, 96 F.3d at 866 (all implying or stating that grace period ends on April 23, 1997)
 
 
 [14]
 Of course, nothing in our discussion above, limiting the effect of AEDPA's limitations period on pre-existing causes of action, should be held to limit or otherwise affect the power of district courts to dismiss motions for relief under § 2255 on account of unreasonable and prejudicial delay under Rule 9(a) of the Rules Governing Section 2255 Proceedings. See Goodman, 151 F.3d at 1337 n. 4; Ross v. Artuz, 150 F.3d at 103
 
 
 [15]
 Only a limited class of claims may be brought under § 2255: claims involving "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence...." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965); see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980) ("A motion under 28 U.S.C.A. § 2255 is a substitute for a writ of habeas corpus providing an exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."). When an action addresses the execution of a sentence by prison or administrative officials, rather than the validity of the sentence, § 2255 relief is unavailable. See United States v. Barrett, 1999 WL 326401, at * 20 n. 10 (1st Cir. May 27, 1999) (citing United States v. DiRusso, 535 F.2d 673, 674 (1st Cir.1976)); United States v. Scott, 803 F.2d 1095, 1096 (10th Cir.1986); United States v. Giddings, 740 F.2d 770, 771 (9th Cir.1984); Lee v. United States, 501 F.2d 494, 499 (8th Cir.1974)
 
 
 [16]
 Numerous courts have held that § 2241 is the appropriate post-exhaustion avenue for relief in cases with facts similar to those here. See Thomas v. Whalen, 962 F.2d 358 (4th Cir.1992) (petitioner convicted and sentenced for federal bank robbery, then convicted of state offenses and sentenced with no reference to federal sentences; completed time in state custody for state offenses and won credit for time served against federal sentence in district court; court of appeals held (in reversing) that claim was properly brought under § 2241); Larios v. Madigan, 299 F.2d 98 (9th Cir.1962) (issue of whether federal sentence ran concurrent with state sentence being served at time of federal sentencing was properly raised in § 2241 petition); Cozine v. Crabtree, 15 F.Supp.2d 997 (D.Or.1998) (federal conviction and sentence followed by California conviction and sentence, explicitly concurrent with federal sentence, and service of California sentence; after California parole, federal officials refuse to credit California time; court held prisoner entitled to release after § 2241 petition); Luther v. Vanyur, 14 F.Supp.2d 773 (E.D.N.C.1997) (after federal conviction and sentencing, and subsequent state conviction and sentencing, explicitly "concurrent with any sentence now serving," prisoner was received into custody of United States but then turned over to state custody to complete state sentence; court held that federal sentence continued to run during state custody after § 2241 petition)