**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2458

MIGUEL RIVERA-SANTIAGO,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Miguel A. Rivera-Santiago on brief pro se.
H.S. Garcia, United States Attorney, and Nelson Perez-Sosa, Assistant U.S. Attorney, and Sonia I. Torres-Pabon, Assistant U.S. Attorney, on brief for appellee.

June 25, 2004

**Per Curiam**.  Appellant Miguel Rivera-Santiago was convicted of drug offenses and sentenced to life imprisonment. He appeals pro se from a district court order that denied his 28 U.S.C. § 2255 motion.  See Rivera-Santiago v. United States, 219 F. Supp. 2d 186 (D.P.R. 2002).  The district court granted appellant a certificate appealability (COA) on an issue which the parties have interpreted differently in their respective briefs.  We interpret the issue as being whether the district court erred in failing to address the following  constitutional claims:

> (1) that a conflict of interest arose from the defense attorneys' fee arrangement,
>
> (2) that due to this conflict of interest, appellant's counsel failed to relay the government's plea offer to him,
>
> (3) that appellant's sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), and
>
> (4) that defense counsel rendered ineffective assistance by failing to argue properly Rivera's Rule 29(c) motion for acquittal.

At the outset, we put to one side the third and fourth of these constitutional claims.  The Apprendi issue that Rivera seeks to raise is barred by Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003).  The ineffective assistance claim in paragraph (4), although encompassed by the COA, was not raised by Rivera in the district court and so we decline to

-2-

address it.  <u>See</u> <u>David</u> v. <u>United States</u>, 134 F.3d 470, 474 (1st

Cir. 1998).

The conflict of interest claim set forth in the first two paragraphs was expressed in vague terms in Rivera's original pro se section 2255 petition and more fully elaborated in his first motion to amend that petition.  In its ruling, the district court asserted that this motion to amend had been denied, and Rivera on this appeal claims that the denial was itself error; but so far as we can tell, the district court never ruled on the motion to amend one way or the other; there is certainly no docket entry reflecting a denial of the motion.

A party is ordinarily entitled to amend his initial complaint once as a matter of right before a responsive pleading is filed, <u>see</u> <u>Acosta-Mestre</u> v. <u>Hilton Intern. of</u> <u>Puerto Rico</u>, 158 F.3d 49, 51 (1st Cir. 1998), and we have previously assumed without deciding that this applied as well to a motion under section 2255.  <u>See</u> <u>Rogers</u> v. <u>United States</u>, 180 F.3d 349, 356 (1st Cir. 1999); 1 Liebman and Hertz, <u>Federal</u> <u>Habeas Corpus Practice and Procedure</u>, §17.2, at 730 (4th ed. 2001).  Since in this case the motion to amend seemingly did no more than flesh out a basic conflict of interest claim already made in the petition itself, it is unclear why the district judge would have denied the motion to amend.  And, of course,

no reason has been given for such a denial, there being no denial reflected in the record.

Curiously, the district court itself correctly noted that a "conflict of interest among counsel" was one of several ineffective assistance of counsel claims made by Rivera in his original section 2255 petition. See 219 F. Supp. 2d at 190. Yet the district court did not address or resolve this claim in its own decision. If we were satisfied that the claim was without merit, we would nevertheless affirm without requiring a remand. But on the present record it appears to us possible that there may have been a conflict of interest and also that it is possible (although far from certain) that Rivera can show that it affected counsel's performance.

The gist of the conflict claim derives from Rivera's assertion that his own lawyer and several other defense counsel were paid their fees by counsel for one of the other co-defendants and that this was done on the express condition that the parties present a unified defense and not testify at trial. Another co-defendant made similar allegations and in allowing a motion for judgment for acquittal, the district court indicated that it would have granted a motion for a new trial based on such conflict if the court had not ordered an acquittal. We do not know whether the allegation is true, nor are we prepared to say whether there was or was not a conflict

-4-

of interest in whatever arrangement existed; but the claim cannot be casually disregarded.

Another question with no clear answer on this record is whether such a conflict, if it existed, adversely affected counsel's performance. Under governing Supreme Court precedent, prejudice is automatic if a defendant has no counsel at all, see Mickens v. Taylor, 535 U.S. 162, 166 (2002); but where the claim is that counsel labored under the burden of dual allegiance, the defendant who raised no objection at trial must demonstrate that counsel might plausibly have pursued an alternative defense strategy that counsel forsook because of his conflicting loyalties, see, e.g., Familia-Consoro v. United States, 160 F.3d 761, 764 (1st Cir. 1998).[1]

In this instance, Rivera's second numbered constitutional claim, listed above, says that his own counsel failed to relay to him a government plea offer. Although the record on this point is unclear, there is a suggestion that an

---

[1]Rivera raised no conflict of interest objection at trial nor on direct appeal based on the alleged fee arrangement, which does not in itself bar its presentation in a section 2255 motion. See Massaro v. United States, 538 U.S. 500, 509 (2003); United States v. Burgos-Chaparro, 309 F.3d 50, 51 (1st Cir. 2002), cert. denied, 537 U.S. 1135 (2003). However, in the district court there was some inquiry into whether Rivera's counsel should withdraw because he shared office space with a co-defendant's attorney. The district court found that the office arrangement posed no conflict of interest, and we regard the issue as outside the scope of the certificate of appealability, or, alternatively, as waived for failure to raise in Rivera's opening brief.

investigator for another defendant interviewed Rivera's defense counsel who confirmed that such an offer had been made by the government for a plea with a ten-year sentence. See Aff. of Rivera, D.E. # 20, ¶ 16. Rivera denied that any such offer was relayed to him, see id., although there may be conflicting evidence on this issue.

Rivera makes two other claims at different points as to adverse effects of the supposed conflict: one is that he was prevented from testifying because of the conflict although he wished to do so, and the other is that based on the alleged fee agreement, his own counsel failed to move for a severance. This latter claim is less impressive since such severances are very rarely granted. So even assuming that Rivera would have been better off in a severed trial, this may not have been a plausible strategy.

In all events, at least two of the three claims of adverse effect are sufficiently colorable--although the facts may not bear them out--to prevent us from summarily affirming. Instead, we are bound to vacate the district court's denial of the section 2255 petition (insofar as it rejected the conflict of interest claim) and remand for further consideration of that claim. We think that the district court should regard this conflict claim as adequately presented by the section 2255 petition, as fleshed-out by the first motion to amend (D.E. #

5) and Rivera's affidavit (D.E. # 20), and that no further time should be expended on the question whether the first motion to amend was appropriate. On the other hand, we do not think the district judge is obliged to grant further motions to amend--a habit that Rivera is beginning to abuse.

On remand, we expect that the district court will treat this long-pending petition as a matter of urgency. This is not because we are as yet persuaded that it is necessarily a meritorious petition. Rather, we are quite concerned that this case has been pending since 1997 and that several prior long periods elapsed in which no action was taken on pending matters. Although some of the delay may have been due to Rivera's amendments, it is important that this case be taken at hand and resolved promptly.

To this end, the district court also ought to consider on remand whether the matter can best be handled by once again appointing counsel for Rivera. Short of an evidentiary hearing, this is a decision for the district court. But the conflict issue is more than routine; the history appears to be complicated; and there may be legal questions that a lawyer is better qualified to address.

Rivera's renewed motion for appointment of counsel on appeal is <u>denied</u>. The judgment of the district court is <u>vacated</u> insofar as it rejected the conflict of interest claim,

and the matter is remanded for further proceedings consistent with this decision.

It is so ordered.