United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 04-61051

SADRUDDIN RIZWAN,

Petitioner,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

Petition for Review of the Decision of the Board of Immigration
Appeals

(A77 354 614)

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In 2001, Sadruddin Rizwan, a native and citizen of Pakistan,
attempted to enter the United States using a passport belonging to
another individual. The former Immigration and Naturalization
Service commenced removal proceedings by filing a Notice to Appear
before an immigration court. Rizwan failed to appear at his
February 2002 scheduled hearing. Accordingly, the immigration

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judge ("IJ") ordered Rizwan removed under 8 U.S.C. § 1229a(b)(5)(A) (2000).  Rizwan filed a motion to reopen with the immigration court pursuant to § 1229(b)(5)(C)(i), and the IJ denied the motion.

In June 2003, Rizwan filed a Notice of Appeal with the Board of Immigration Appeals ("BIA").  On August 18, 2004, the BIA affirmed, without opinion, the IJ's decision denying Rizwan's motion to reopen.  On September 17, 2004, Rizwan filed a motion to reconsider with the BIA.  The BIA denied the motion on October 21, 2004.  Rizwan now petitions for review of the BIA's decision affirming the IJ's denial of his motion to reopen.

Rizwan's petition for review is untimely.  Section 1252(b)(1) requires that a petition for review "be filed not later than 30 days after the date of the final order of removal."  Rizwan's order of removal became final when the BIA affirmed the IJ's denial of his motion to reopen on August 18, 2004.  Rizwan filed his petition for review on November 19, 2004, well past the September 17, 2004 deadline.  In addition, the motion for reconsideration Rizwan filed with the BIA did not affect the finality of BIA's decision affirming the IJ's denial of Rizwan's motion to reopen.  See Stone v. INS, 514 U.S. 386, 405-06 (1995).  Therefore, this Court is without jurisdiction to consider Rizwan's untimely petition for review.  See id. at 405 (explaining that judicial review provisions are jurisdictional in nature).

**DISMISSED.**