**DE ZHU OU YANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, and Immigration and Naturalization Service, Respondents.**

**No. 05–0469–AG.**

United States Court of Appeals, Second Circuit.

March 30, 2006.

De Zhu Ou Yang, Brooklyn, New York, for Petitioner, pro se.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Laura Thomas Rivero, Harriett Galvin, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of March, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the decisions of the Board of Immigration Appeals ("BIA") is DENIED.

De Zhu Ou Yang petitions for review of the January 27, 2003 BIA decision affirming the decision of an immigration judge rejecting Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture, the October 10, 2003 BIA decision denying his first motion to reopen and reconsider, the November 4, 2004 BIA decision denying his second motion to reopen and reconsider, and the January 10, 2005 BIA decision denying his third motion to reconsider its October 10, 2003 order affirming the decision of the immigration judge. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because Yang did not file timely petitions for review of the January 27, 2003, October 10, 2003, and November 4, 2004 BIA decisions, we have no jurisdiction to review those decisions, and cannot review the merits of petitioner's underlying claims. *See* 8 U.S.C. § 1252(b)(1) (stating that a petition for review must be filed no later than 30 days after the date of a final order of removal); *see also Malvoisin v. I.N.S.*, 268 F.3d 74, 75 (2d Cir.2001) ("[C]ompliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite."); *Paul v. I.N.S.*, 348 F.3d 43, 45 (2d Cir.2003) ("[W]e may not extend the thirty-day deadline for such petitions even upon a showing of good cause."); *Ke Zhen Zhao v. United States DOJ*, 265 F.3d 83, 89 (2nd Cir.2001) (stating that the denial of a motion to reopen or reconsider is a final order within the meaning of 8 U.S.C. § 1252(b)(1)).

The only timely petition for review filed by Yang is of the January 10, 2005 BIA decision denying his third motion to reconsider. A petition for review of that denial of a motion to reconsider, however, calls up for review only the merits of the denial of that motion, and we are precluded from passing on the merits of the underlying BIA decision of October 10, 2003. *See, e.g., Ke Zhen Zhao*, 265 F.3d at 89–90.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Under 8 C.F.R. § 1003.2(b)(2), a "party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." Section 1003.2(b)(2) by its terms barred Yang's third motion for reconsideration and the BIA therefore did not abuse its discretion in denying that motion.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.