# United States Court of Appeals
## For the First Circuit

———

No. 05-1755

ANTONIO DALOMBO FONTES,
Petitioner,

v.

ALBERTO R. GONZALES, Attorney General,
Respondent.

———

Before

Selya, Circuit Judges,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

———

**ORDER ON PETITION FOR PANEL REHEARING**
**Entered: August 14, 2007**

Fontes has filed a petition for panel rehearing and rehearing en banc. In the petition, Fontes raises two issues. As to the issue of whether Fontes was entitled to a section 212(c) waiver of deportability, the petition for panel rehearing is summarily denied.

Fontes also raises a challenge to the panel's holding that, under the Real ID Act, this court lacks jurisdiction to review the BIA's rejection of his res judicata argument. The ACLU has moved for leave to file an amicus brief on the latter issue. We have allowed the motion to file the amicus brief.

As framed by those filings, the late-blooming issue involves a question of whether the Suspension Clause is violated by reading the statute to deny Fontes review in this instance (in which his habeas action was affected by the REAL ID Act). We note, in this regard, that Fontes does not argue the Suspension Clause issue as a per se ground for relief but, rather, proposes that we allow a grace period for assertion of his claim. Cf. Rogers v. United States, 180 F.3d 349, 354 (1st Cir. 1999).

In the briefs filed by Fontes before the panel, Fontes never articulated a claim that application of the Real ID Act to bar jurisdiction here might violate the Suspension Clause of the Constitution. U.S. Const. art. I, § 9, cl. 2. In the usual course, we will not address an issue raised by a party for the first time in a petition for rehearing. See Anderson v. Beatrice Foods Co., 900 F.2d 388, 397 (1st Cir. 1990)(order on rehearing). By the same token, we will not address an issue raised by an amicus that was not seasonably raised by a party to the case. See Lane v. First Nat'l Bank of Boston, 871 F.2d 166, 175 (1st Cir. 1989). We discern no reason here to depart from our customary practice in either of these respects.

Still, we acknowledge that the Suspension Clause issue is not only of constitutional dimension but also is colorable. Consequently, we wish to make clear that our holding on the jurisdictional issue should not be read, under principles of stare decisis, as barring a future panel of this court, in a case in which the Suspension Clause issue is timely raised, directly presented, and fully briefed, from considering the import (if any) of the Suspension Clause with respect to the jurisdictional question. This panel intimates no view as to the outcome of such an inquiry.

This course of action seems especially appropriate in this case because, even if we had jurisdiction to review the BIA's rejection of Fontes's res judicata claim, we would deny that claim on the merits. As noted in our earlier opinion, Fontes argued that res judicata barred the government from asserting that he had committed an aggravated felony. The BIA explained that it generally applies the doctrine of res judicata, but found that doctrine inapplicable here because the statutory definition of aggravated felony extant at the time of Fontes's prior removal proceedings was different and far narrower. Fontes's offense did not meet the then-pertinent definition.

In the BIA's view, that did not preclude further removal proceedings because, in its 1996 enactment of IIRIRA, Congress both broadened the definition of aggravated felony and applied it retroactively. See 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(iii). Because a different and broader definition now controlled and that definition applied retroactively, the two proceedings did not involve the same claim or cause of action. Thus, an essential element of res judicata was missing from the equation. For that reason, the BIA declined to terminate the current removal proceeding.

We think that the BIA correctly refused to terminate Fontes's removal proceedings in light of the clear congressional intent that its broadened definition of aggravated felony be applied

retroactively.  The government still had to prove that Fontes's conviction met the new definition of aggravated felony.  It was neither an error of law nor an abuse of discretion for the BIA, to whom some deference on interpretation of immigration statutes is owed, not to accept Fontes's claim that res judicata barred any further proceedings by the government.

We note a further difficulty with Fontes's argument.  Given Congress's decision to make the broader definition apply retroactively, it is at least arguable that the decision in the prior removal proceeding was not "final" for res judicata purposes.  There is no claim that Congress was forbidden to apply its expanded definition retroactively by the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3.  and an exception to res judicata traditionally exists "where between the time of the first judgment and the second . . . there has been an intervening . . . change in the law creating an altered situation."  State Farm Mut. Auto. Ins. Co. v. Duel, 354 U.S. 154, 162 (1945).

Accordingly, we deny Fontes's petition for panel rehearing (the petition for rehearing en banc will be disposed of by separate order).

**So Ordered**.

By the Court:
Richard Cushing Donovan, Clerk

_____
By: Margaret Carter,
Chief Deputy Clerk

[Certified copies to Board of Immigration appeals.  Copies to Mr. Olen, Mr. Sullivan, Ms. Scadron, Ms. Bing, & Mr. Neville.]