# United States Court of Appeals
## For the First Circuit

No. 05-1879

RAMON PEGUERO-CRUZ,

Petitioner,

v.

ALBERTO GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF A ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, <u>Chief Judge</u>,

Cyr, <u>Senior Circuit Judge</u>,

and Howard, <u>Circuit Judge</u>.

<u>Randy Olen</u> for petitioner.
<u>Lindsay L. Chichester</u>, Department of Justice, Civil Division with whom <u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, <u>Anthony W. Norwood</u>, Senior Litigation Counsel and <u>Jennifer Levings</u>, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, were on brief, for respondent.

August 31, 2007

**HOWARD**, **Circuit Judge**.  Ramon Peguero-Cruz petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen the deportation proceedings against him.[1]  We dismiss the petition for lack of jurisdiction.

An immigration judge ("IJ") entered an order of deportation against Peguero-Cruz in 1990 on the ground that he had been convicted of possessing a controlled substance in violation of state law.  See 8 U.S.C. § 1251(a)(11) (1990) (current version at 8 U.S.C. § 1227(a)(2)(B)(i) (2005)).  Peguero-Cruz filed a timely appeal of this order to the BIA, which affirmed in a 1994 decision. Five years later, in 1999, Peguero-Cruz moved to reopen the proceedings, arguing that he qualified for relief under then-section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1995) (repealed 1996).  Under this provision,

> [a]liens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section [excluding certain aliens from admission].

Id.  In spite of this language, "for reasons buried in the history of immigration law, § 212(c) relief is available to some legal aliens who have not left the country but who become subject to

---

[1] We say "deportation" instead of "removal" because the proceedings against Peguero-Cruz were initiated under a prior version of the Immigration and Nationality Act which spoke of "[p]roceedings to determine deportability."  8 U.S.C. § 1252(b) (1990) (current version at 8 U.S.C. § 1229a (2005 & Supp. 2006)).

deportation as a result of criminal convictions." United States v. Vieira-Candelario, 6 F.3d 12, 13 (1st Cir. 1993).

Peguero-Cruz argued that he was such an alien, having been admitted as a lawful permanent resident in 1991. But the BIA denied the motion to reopen, ruling that (1) it had not been filed within ninety days of the BIA's decision affirming the deportation order as required by the Immigration and Naturalization Service's (INS) rule, 8 C.F.R. § 3.2(c)(1) (2000) (current version at 8 C.F.R. § 1003.2(c)(2) (2006)), and (2) Peguero-Cruz's period of "lawful unrelinquished domicile" had ceased with the finalization of the deportation order in 1994, before the requisite seven years for § 212(c) relief had accrued.

Peguero-Cruz promptly sought reconsideration, arguing for the first time that, while he had not become a lawful permanent resident until 1991, he had entered the United States without inspection in 1981, which should be used as the starting point for calculating the seven-year period. In a 2001 order, the BIA denied the motion, reasoning that Peguero-Cruz's unlawful entry into the country did not commence a period of "lawful unrelinquished domicile" under § 212(c).

Peguero-Cruz then took an appeal with this court. In an unpublished order, we dismissed it under 8 U.S.C. § 1252(a)(2)(C), which deprives us of "jurisdiction to review any final order of removal against an alien who is removable by reason of having

-3-

committed a criminal offense covered in" § 1227(a)(2)(B). Peguero v. INS, No. 01-1574, slip op. (1st Cir. June 22, 2001).[2] At that time, habeas corpus provided the only means to seek review of such an order. INS v. St. Cyr, 533 U.S. 289, 314 (2001); Mahadeo v. Reno, 226 F.3d 3, 8 (1st Cir. 2000).

More than three years later, in 2004, Peguero-Cruz filed a "motion to reconsider decision and reopen proceedings" with the BIA, asking it to exercise its authority to "reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). This time, he argued that his seven year period of "lawful unrelinquished domicile" began running with the passage of the amnesty provisions of the Immigration Reform and Control Act of 1986. Pub. L. No. 99-603, § 201(a)(2), 100 Stat. 3359, 3394 (codified as amended at 8 U.S.C. § 1255a (2005)). The BIA denied the motion on September 29, 2004, on the ground that INS rules prohibit an alien from moving for reconsideration more than once in the same proceeding. 8 C.F.R. § 1003.2(b)(2). Peguero-Cruz then petitioned this court for review of the BIA's decision, but not until more than eight months had passed.

---

[2] In the alternative, we ruled that one of the "transitional rules" established by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, applicable to certain aliens already in deportation proceedings as of the date of its enactment, would have the same jurisdiction-stripping effect. Pub. L. No. 104-208, § 309(c)(1), (c)(4)(G), 110 Stat. 3009-625 to -626.

-4-

Under 8 U.S.C. § 1252(b)(1), an alien's "petition for review must be filed not later than thirty days after the date of the final order of removal," or we lack jurisdiction to hear it. See, e.g., De Araujo v. Ashcroft, 399 F.3d 84, 88 (1st Cir. 2005). The Attorney General urges us to dismiss the petition on this basis. Peguero-Cruz does not question whether the BIA's decision denying his motion to reconsider and reopen constitutes a "final order of removal" under § 1252(b)(1), so we assume that it does.[3]

Peguero-Cruz argues that the thirty-day time limit on petitions for review does not apply in his case because, at the time the BIA issued its decision, he could not have filed a petition in this court due to the jurisdiction-stripping provisions of § 1252(a)(2)(C). Instead, as we have noted, he could have sought review only via habeas corpus--but with no concrete time limit for doing so. See, e.g., Medellin-Reyes v. Gonzales, 435 F.3d 721, 723 (7th Cir. 2006). In the interim, however, the INA was amended to provide that § 1252(a)(2)(C) does not "preclud[e]

---

[3] A number of circuits, albeit mostly in unpublished opinions, have deemed a petition for review of the BIA's order on a motion to reopen or reconsider untimely under § 1252(b)(2) when filed more than thirty days afterwards. See McAllister v. Attorney Gen., 444 F.3d 178, 184-85 (3d Cir. 2006); De Zhu Ou Yang v. Dep't of Justice, 174 Fed. Appx. 610, 611 (2d Cir. 2006); Riwan v. Gonzales, 171 Fed. Appx. 457, 458 (5th Cir. 2006); Portillo v. Gonzales, 151 Fed. Appx. 534 (9th Cir. 2005); Anga v. Gonzales, 146 Fed. Appx. 654, 655 (4th Cir. 2005). While we have treated a petition filed within thirty days of such an order as timely, see, e.g., Ven v. Ashcroft, 386 F.3d 357, 359-60 (1st Cir. 2004), we have never considered the converse proposition, and do not do so here.

-5-

review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with" § 1252.  REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a)(1)(iii), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)).  This section of the REAL ID Act also made such a petition "the sole and exclusive means for judicial review of an order of removal" and eliminated habeas corpus as a means of challenging such an order (with an exception not relevant here). Id., 119 Stat. at 310-11 (codified at 8 U.S.C. §§ 1252(a)(5), (b)(9)).  And any petitions for habeas corpus "challenging a final administrative order of removal, deportation, or exclusion" pending in the district courts at the time the REAL ID Act took effect were transferred to the appropriate courts of appeal for review.  Id. § 106(c), 119 Stat. at 311.

When these provisions became effective, on May 11, 2005, Peguero-Cruz had yet to exercise his right to file a habeas petition, and, because more than thirty days had already elapsed since the BIA's decision, he could not have filed a timely petition for review.  Peguero-Cruz argues that the REAL ID Act thus retroactively eliminated his right to review of the decision and that, to avoid this impermissible result, we must judicially extend the time limit imposed by the REAL ID Act.  He relies on our decision in Rogers v. United States, 180 F.3d 349 (1st Cir. 1999), where we considered the effect of the one-year time limit on

petitions for habeas corpus relief from federal criminal convictions imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255, on petitioners whose convictions became final before AEDPA became effective, and therefore had less than the full limitations period to seek relief. 180 F.3d at 355. We recognized "that newly-enacted statutes of limitation must allow a reasonable time after they take effect for the commencement of suit upon existing causes of action" and that "courts traditionally have provided that a 'reasonable time' shall be the shorter of (1) the original limitation period, commencing at the time the action accrued, or (2) the new, shortened, limitation period, commencing from the date the statute became effective." Id. (internal quotation marks omitted). Applying this rule, we concluded that AEDPA's new limitations period, running from the date the statute took effect, provided a "reasonable time" to petitioners whose convictions had become final earlier. Id.

Peguero-Cruz urges us to take the same approach here, commencing the thirty-day limitations period on his petition for review at the enactment of the REAL ID Act, rather than at the time of the BIA's order. But we recently rejected this argument in Dalombo Fontes v. Gonzales, 483 F.3d 115 (1st Cir. 2007). There, we ruled that, because "Congress's power to fashion immigration procedures is virtually unlimited," it need not have provided aliens in Peguero-Cruz's position with the right to seek review in

the courts of appeals.  Id. at 119.  We also noted that, like

Peguero-Cruz, the alien there

> had a liberal length of time, seven months . . . , to
> have filed for habeas corpus in the district court had he
> so wished.  Reasonable diligence would have certainly
> suggested that  he seek review within that ample period.
> Had he done so, his habeas petition would have been
> transferred . . . .  Congress had understood that
> district court review proceedings might be pending and
> had tailored a special provision to let them continue,
> after transfer, in the courts of appeal. [The petitioner]
> was entitled to no more.  We see no issue of fundamental
> fairness such as might warrant creating an additional
> "grace period" for the bringing of a review petition
> under [the REAL ID Act], even assuming the existence of
> the power to do so.

Id. (footnote omitted).

        The same reasoning applies with equal force here.

Peguero-Cruz had more than seven months after the BIA's denial of

his motion, and before the effective date of the REAL ID Act, to

seek review by way of habeas corpus.  As Dalombo Fontes makes

clear, we will not carve out an additional path to judicial review

where Congress has not.[4]  Accordingly, we lack jurisdiction over Peguero-Cruz's petition, which is **dismissed**.

**So ordered.**

---

[4] We note that Peguero-Cruz has not argued that applying the REAL ID Act to deprive us of jurisdiction over his petition here would amount to a violation of the Suspension Clause of the Constitution--an argument that we deemed "colorable" in denying the alien's petition for panel rehearing in Dalombo Fontes. ___ F.3d ___, 2007 WL 2306977, at *1 (1st Cir. Aug. 14, 2007).  As in that case, then, "we wish to make clear that our holding on the jurisdictional issue should not be read, under principles of stare decisis, as barring a future panel of this Court, in a case in which the Suspension Clause issue is timely raised, directly presented, and fully briefed, from considering the import (if any) of the Suspension Clause with respect to the jurisdictional question.  This panel intimates no view as to the outcome of such an inquiry." Id.