Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 09-2360

RAYMOND HERNANDEZ-ALBINO,

Petitioner, Appellant,

v.

ANTHONY HAYNES, Warden,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Torruella, Selya and Howard,
Circuit Judges.

Raymond Hernández-Albino on brief pro se.
Thomas F. Klumper, Assistant U.S. Attorney, Nelson Pérez-Sosa, Assistant U.S. Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

March 12, 2010

**Per Curiam**.  We have reviewed the record and the parties' submissions, and we affirm.  Despite appellant Raymond Hernández-Albino's (Hernández's) attempt to characterize his most recent filing as a motion pursuant to 28 U.S.C. § 2241, rather than a motion filed pursuant to 28 U.S.C. § 2255, this court must look to the substance of the motion to determine whether it is governed by the statutory framework set out in 28 U.S.C. § 2255.  Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008), cert. denied, 129 S. Ct. 1363 (2009).  Hernández argues that the evidence presented at trial was insufficient to support his conviction.  This claim falls squarely within the ambit of section 2255.  Cf. Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999).

Moreover, the "savings clause" of section 2255 does not help Hernández.  Only if the remedy available under section 2255 is inadequate or ineffective will a prisoner be allowed to file a section 2241 motion to challenge the legality of his conviction.  See Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir. 2000).  The remedy in section 2255 does not become "inadequate or ineffective" simply by virtue of the fact that the prisoner is not able to meet the gate-keeping requirements for second or successive petitions.  See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999).

Even if the court were to treat Hernández's submissions here as a request for permission to file a second or successive

motion pursuant to section 2255, we would deny the request. Hernández does not cite any new evidence; rather, he only argues that the evidence presented at trial did not establish his guilt. See 28 U.S.C. § 2255(h)(1).  Moreover, he does not cite to a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  See 28 U.S.C. § 2255(h)(2).

Affirmed.  See 1st Cir. R. 27.0(c).