# United States Court of Appeals
## For the First Circuit

No. 04-2043

ANGEL ELADIO SENA,

Petitioner,

v.

ALBERTO R. GONZÁLES,[*] ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge
Torruella and Howard, Circuit Judges.

Stephen A. Lagana and Lagana & Associates on brief for petitioner.

Janice K. Redfern, Office of Immigration Litigation, Department of Justice, Peter D. Keisler, Assistant Attorney General, Civil Division, Department of Justice, and Linda S. Wernery, Senior Litigation Counsel, Department of Justice, on brief for respondent.

November 2, 2005

---

[*]Alberto R. Gonzáles was sworn in as Attorney General of the United States on February 3, 2005. We have substituted him for John Ashcroft, previous holder of that office, as the respondent. See Fed R. App. P. 43(c)(2).

**Per Curiam**.  Angel Eladio Sena is a citizen of the Dominican Republic who attained permanent resident status in the United States on December 1, 1990.  On January 28, 1994, Sena pled guilty in the United States District Court for the District of Puerto Rico to the crime of "encourag[ing] or induc[ing] an alien to . . . reside in the United States, knowing or in reckless disregard of the fact that such . . . residence is or will be in violation of law."  8 U.S.C. § 1324(a)(1)(A)(iv) (2000).[1]  He was convicted pursuant to this plea in May 1994 and sentenced to three years probation.

On March 4, 1997, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Sena with being deportable under section 241(a)(2)(A)(iii) of the Immigration and Naturalization Act ("INA") as an alien convicted of an

_____

[1]The count to which Sena pled guilty reads as follows:

> On or about the 12th day of August, 1993, in the District of Puerto Rico and within the jurisdiction of this Court, ANGEL SENA the defendant herein, knowing that a number of aliens . . . had come to, entered, or remained in the United States in violation of Law, did encourage the above mentioned aliens to reside in the United States in reckless disregard of the fact that said residence was in violation of law.  All in violation of Title 8, United States Code, Section 1324(a)(1)(D).

In 1994, section 1324(a)(1)(D) was reclassified as section 1324(a)(1)(A)(iv).

"aggravated felony."[2]  At the time of Sena's plea agreement, his offense was arguably not classified as an aggravated felony, but Sena concedes that subsequent amendments to the definition of "aggravated felony" in the immigration statutes have made it clear that the offense for which Sena was convicted is at present an aggravated felony for purposes of INA section 241(a)(2)(A)(iii). See 8 U.S.C. § 1101(a)(43)(N).

Sena was ordered deported by an immigration judge on March 23, 2000.  The immigration judge found that Sena's conviction constituted an aggravated felony for which he could be deported; he further determined that recent amendments to the immigration laws precluded Sena from applying for relief pursuant to INA section 212(c), 8 U.S.C. § 1182(c)[3]--a discretionary waiver program that originally applied only to aliens facing exclusion from the United States, but which has since been extended by numerous federal courts (including this one) to cover certain aliens facing deportation, see Campos v. INS, 961 F.2d 309, 313 (1st Cir. 1992). On October 31, 2002, the Board of Immigration Appeals ("BIA")

---

[2]The INA provision authorizing deportation of "[a]ny alien who is convicted of an aggravated felony at any time after admission" is now codified at 8 U.S.C. section 1227(a)(2)(A)(iii).  The INS also initially charged Sena with being deportable under section 241(a)(2)(A)(i) of the INA as an alien convicted of a crime of moral turpitude, but it subsequently withdrew this latter charge.

[3]This subsection was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, Title III, § 304(b), 110 Stat. 3009, 3009-597.

remanded the case to the immigration judge in light of the Supreme Court's holding in INS v. St. Cyr, 533 U.S. 289, 326 (2001), that section 212(c) relief remained available to aliens who pled guilty prior to the effective date of the INA amendments.

On remand, the immigration judge once more found that Sena was ineligible for a section 212(c) waiver. This time, the judge first noted (in accordance with INS precedent) that aliens facing deportation can apply for a section 212(c) waiver only if the ground for which they are being deported is comparable to one for which an alien could also be excluded under INA section 212(a). He then determined that the ground on which Sena was being deported--his prior conviction for encouraging or inducing illegal residency--was not comparable to any ground for which an alien could be excluded. The BIA affirmed the immigration judge's decision on July 7, 2004, and this appeal followed.

The government spends much of its brief arguing that we do not have jurisdiction to hear Sena's case, because it is governed by a transitional rule enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, 110 Stat. 3009, which precludes judicial review of final orders of removal for aliens who are removable by reason of having committed an aggravated felony, see id. § 309(c)(4)(G), 110 Stat. at 3009-626 to 3009-627. Congress's recent amendments to the INA, however, make clear that

-4-

we have jurisdiction to consider all of Sena's claims.  See REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (to be codified at 8 U.S.C. § 1252(a)(2)(D)).[4]

On the merits, Sena first argues that the retroactive application of the broader aggravated felony definition to qualify him, on the basis of his earlier guilty plea, for deportation is an unconstitutional violation of due process.  He seeks only rational basis review, and we cannot say that Congress lacked any "facially legitimate and <u>bona fide</u> reason," <u>Campos</u>, 961 F.2d at 316 (quoting <u>Fiallo</u> v. <u>Bell</u>, 430 U.S. 787, 794 (1977)), for applying the expanded definition of aggravated felony retroactively, to encompass cases like Sena's.

As the Second Circuit said in rejecting an identical due process challenge to the retroactive application of an expanded definition of "aggravated felony" (albeit in the context of a different crime than that for which Sena was convicted):

---

[4]The new section reads:

(D) Judicial review of certain legal claims

Nothing in subparagraph (B) or (C), <u>or in any other provision of this chapter</u> (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section. (emphasis added)

> Congress has a legitimate interest in protecting society from the commission of aggravated felonies as well as the illegal trafficking, possession, and use of dangerous weapons, and legislation that deports aliens who presently commit or who have committed those acts in the past is a rational means of furthering that interest. Congress also has a narrower and equally legitimate interest in expeditiously removing dangerous aliens from the country, and uniform application of the new statute to remove all aliens convicted of certain offenses rationally furthers that purpose as well.

Kuhali v. Reno, 266 F.3d 93, 111 (2d Cir. 2001); see also Hamama v. INS, 78 F.3d 233, 235-36 (6th Cir. 1996); United States v. Yacoubian, 24 F.3d 1, 7-8 (9th Cir. 1994).

We reject Sena's attempt to distinguish cases such as Kuhali by arguing that the crimes made grounds for deportation in those cases are more dangerous than the crime for which he was convicted. Given the particular deference we must accord Congress when it legislates in the area of immigration, see Campos, 961 F.2d at 316, we cannot say it is irrational for Congress to choose to combat illegal immigration by deporting aliens who have been convicted of encouraging illegal immigrants to remain in U.S. territory, even if Congress's choice operates far more harshly than Sena believes is fair, cf. St. Cyr, 533 U.S. at 316, or permits deportation of some individuals who may in fact pose no further threat of breaking federal immigration laws, cf. N.Y. City Transit Auth. v. Beazer, 440 U.S. 568, 592-94 (1979); Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 487-88 (1955).

-6-

Sena next argues that he does meet the eligibility requirements under (now-repealed) section 212(c) of the INA.  This court has fully endorsed the Attorney General's ruling in Matter of Hernandez-Casillas, 20 I. & N. Dec. 262, 280 (A.G. 1991), that an alien facing deportation cannot seek a waiver under section 212(c) for "deportation grounds lacking any corresponding, statutorily-referenced ground for excludability"--i.e., the grounds for which the alien is being deported must correspond to one of "the grounds specifically referred to in § 212(a)" of the INA, 8 U.S.C. § 1182(a).  See Campos, 961 F.2d at 313-14.

Sena first contends that he need not point to a ground for exclusion in INA section 212(a) "because there could not conceivably be an analogous ground of exclusion based on Petitioner's specific conviction."  We find Sena's premise mistaken: someone outside the United States could encourage someone within it to remain (e.g., by letter or funding).  Our earlier decision in Campos does require a comparable ground of exclusion for Sena to prevail.  See 961 F.2d at 313-14.

Sena's second contention is that the offense for which he was deported--"encourag[ing] or induc[ing] an alien to . . . reside in the United States, knowing or in reckless disregard of the fact that such . . . residence is or will be in violation of law," 8 U.S.C. § 1324(a)(1)(A)(iv)--is comparable to the enumerated ground for exclusion for alien smuggling, 8 U.S.C. § 1182(a)(6)(E).  This

argument also fails.  The criminal offense for which Sena was convicted--encouraging or inducing continued illegal <u>residence</u>--criminalizes a different activity than those activities listed as grounds for exclusion under the provision Sena claims is "comparable," 8 U.S.C. section 1182(a)(6)(E)--encouraging, inducing, assisting, aiding or abetting illegal <u>entry</u> or <u>attempted entry</u>.  In other words, one simply could not be excluded under 8 U.S.C. section 1182(a)(6)(E) for the category of criminal behavior for which Sena was convicted (and then deported under 8 U.S.C. sections 1227(a)(2)(A)(iii) and 1101(a)(43)(N)).  Under our precedent in <u>Campos</u>, Sena cannot claim comparability and so is ineligible for a section 212(c) waiver.

<u>Affirmed</u>.