In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-3101

XIU YAN CHEN,

*Petitioner,*

*v.*

ALBERTO R. GONZALES, Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals

SUBMITTED JANUARY 18, 2006—DECIDED JANUARY 30, 2006

Before EASTERBROOK, EVANS, and SYKES, *Circuit Judges.*

PER CURIAM. An immigration judge ordered Xiu Yan Chen removed to China. On April 25, 2005, the Board of Immigration Appeals affirmed. The alien did not file a petition for review under 8 U.S.C. §1252, a step that had to be taken within 30 days. 8 U.S.C. §1252(b)(1). Having let that time pass, she filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York, where she is in custody awaiting removal. District Judge Dearie has transferred her petition to us, relying on the Real ID Act of 2005. Our Clerk docketed it as a petition to review the Board's order; the Attorney General asks us to dismiss the petition as untimely. See *Stone v. INS*, 514 U.S. 386 (1995).

Section 106(a) of the new law, 119 Stat. 231, 310-11, amends several provisions of the United States Code to foreclose the use of 28 U.S.C. §2241 to obtain review of removal orders and their implementation. Section 106(c) is a transition rule:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

Section 106(c) is the provision that Judge Dearie invoked in support of the transfer. But §106(c) applies only to a petition that "is pending in a district court on the date of the enactment of this division"—May 11, 2005. A petition under §2241 filed in a district court after that date (as this petition was) must be dismissed; it can be neither entertained nor transferred. See 8 U.S.C. §1252(a)(5) (as amended by the Real ID Act).

What should we do with a petition transferred in error? This court is the right *venue* for a petition (the removal hearing occurred in Chicago), but we lack authority to grant

relief. The Real ID Act allows otherwise-untimely review by a court of appeals of a petition for habeas corpus that was pending in a district court on May 11, but "[c]ollateral proceedings filed on or after May 11 . . . [must] be dismissed outright; the window for belated judicial review has closed." *Medellin-Reyes v. Gonzales*, No. 05-3031 (7th Cir. Jan. 24, 2006), slip op. 5.

We were tempted to transfer this matter right back to the Eastern District of New York, which then would dismiss the petition for lack of jurisdiction; if the alien should think that decision erroneous, she could appeal to the second circuit. But that would set up the possibility of a re-transfer if our colleagues on the east coast view the matter otherwise. That's why the Supreme Court said in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), that one transfer per case is enough, except in extraordinary circumstances. If the transfer is a blunder, still the transferee court should resolve matters as best it can. What's more, the only statute authorizing us to transfer a proceeding is 28 U.S.C. §1631, which says that a suit or appeal filed in the wrong court may be sent "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed". There is no such court. By June 29, the Real ID Act had excluded immigration matters from the statute that until May 11 had permitted collateral proceedings to be filed in district courts. See *INS v. St. Cyr*, 533 U.S. 289, 298-314 (2001). And by then the time to seek review in a court of appeals also had expired. So no potential transferee court would have jurisdiction to entertain this petition for relief.

The case came here by mistake, but it *is* here and we must do something. The only step the law allows is dismissal, for the petition is untimely. The petition for review therefore is dismissed.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*