**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARVIN TILLETT,

      Petitioner,

v.

JOE BOOKER, Warden, FMC
Lexington, KY; DEPARTMENT OF
HOMELAND SECURITY;
IMMIGRATION &
NATURALIZATION SERVICE,

      Respondents.

No. 06-9543
(No. A 34-496-797)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **O'BRIEN**, Circuit Judges.

This case was originally filed in October 2005 in the United States District

Court for the Eastern District of Kentucky as a petition for a writ of habeas

corpus challenging a final order of deportation issued by the Board of

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Immigration Appeals (BIA) in 1994. The district court dismissed the habeas petition for lack of jurisdiction holding that the REAL ID Act of 2005 (RIDA) "clearly deprived this Court of jurisdiction over the petitioner's claims by amending the judicial review provisions of section 242 of the Immigration and Nationality Act, to make a petition for review in the federal courts of appeals the sole means of review of a final immigration order of removal, deportation, or exclusion." *Tillett v. Booker*, No. Civ.A.05-CV-406-JMH, 2005 WL 2736740, at *2 (E.D. Ky. Oct. 24, 2005) (quotation omitted). Mr. Tillett appealed the district court's decision to the United States Court of Appeals for the Sixth Circuit.

On April 23, 2006, the Sixth Circuit issued an order affirming the district court's dismissal. The Sixth Circuit, however, construed Mr. Tillett's habeas petition as a petition for review and decided to transfer the case to this court because this court is the proper venue in which to file the petition for review. Relying on the transfer provision in 28 U.S.C. § 1631, the Sixth Circuit concluded that transferring the case to this court would be in the interest of justice. The Sixth Circuit did note that there was a question as to whether the petition for review was timely, but stated that this court should decide the timeliness issue.

On May 1, the petition for review was filed in this court. The government filed a motion to dismiss for lack of jurisdiction because the petition for review was untimely. Mr. Tillett did not file a response to the motion. We conclude that

-2-

Mr. Tillett's petition for review is untimely and dismiss the case for lack of jurisdiction.

Under RIDA, if a 28 U.S.C. § 2241 habeas case challenging a final order of removal was pending in the district court as of May 11, 2005, that case must be transferred to the court of appeals and treated as a petition for review. *See* RIDA, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (2005), *reprinted in* 8 U.S.C. § 1252 note. Cases transferred under this provision are not subject to the jurisdictional thirty-day time limit to file a petition for review, which is set forth in 8 U.S.C. § 1252(b)(1). *See id.*; *Medellin-Reyes v. Gonzales*, 435 F.3d 721, 723 (7th Cir. 2006). As the Seventh Circuit explained:

> [A]ll collateral proceedings pending on May 11, 2005, when the Real ID Act took effect, and transferred to courts of appeals under § 106(c), must be treated as timely petitions for review, no matter how long it has been since the Board rendered its decision. Collateral proceedings filed on or after May 11 . . . will be dismissed outright; the window for belated judicial review has closed.

*Id.* at 723-24.

Mr. Tillett is not eligible to benefit from RIDA's exception to the thirty-day time limit for filing a petition for review. Mr. Tillett's petition for review was transferred pursuant to 28 U.S.C. § 1631, not the transfer provision in § 106(c) of RIDA. The Sixth Circuit could not transfer the petition for review pursuant to RIDA because Mr. Tillett's habeas petition was filed after May 11, 2005. RIDA's transfer provision is only applicable to habeas petitions pending in

a district court as of May 11, 2005.  *See* RIDA § 106(c); *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006).  As a result, Mr. Tillett's case remains subject to 8 U.S.C. § 1252(b)(1), which requires that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal."  Mr. Tillett's final order of removal was entered on October 27, 1994.  The petition for review is therefore untimely and this court lacks jurisdiction to consider it.  *See Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003).

The petition for review is DISMISSED and petitioner's motion for release is DENIED as moot.

Entered for the Court
Per Curiam