**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1372

TENISON CLARKE,

Petitioner,

v.

ALBERTO GONZALES,
Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

<u>Kevin R. Murphy</u> on brief for petitioner.
<u>Richard Zanfardino</u>, Trial Attorney, <u>Peter D. Keisler</u>,
Assistant Attorney General, and <u>Greg D. Mack</u>, Senior Litigation
Counsel, Office of Immigration Litigation, on brief for respondent.

October 18, 2006

**Per Curiam**.  Tenison Clarke, a native of Barbados, was ordered removed from this country by an Immigration Judge on July 23, 2004.  Clarke was found removable on the basis of his conviction of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), that is, his February 7, 1986 conviction in state court of the crime of rape and abuse of a child, see Mass. Gen. Laws ch. 265, § 23.

The Board of Immigration Appeals (BIA) affirmed the order of removal on January 30, 2006.  The BIA agreed with the IJ that Clarke was removable as an aggravated felon and that Clarke was ineligible for waiver of inadmissibility under § 212 of the Immigration and Naturalization Act.  It held there was no error in the IJ's denial of Clarke's motion to terminate proceedings to permit him to pursue a naturalization application (on the grounds that he was not prima facie eligible for naturalization and his lack of good moral character disqualified him as well).

Clarke had been charged with removability in a Notice to Appear, served on him on February 2, 2001.  This date subjected him to the terms of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009.  See Choeum v. INS 129 F.3d 29, 37 (1st Cir. 1997).

On petition for review in this court, Clarke purports to make a constitutional argument.  The respondent appropriately agrees that this court has jurisdiction over that argument under 8

-2-

U.S.C. § 1252(a)(2)(D), although normally there is a jurisdictional bar to review of aggravated felony determinations under 8 U.S.C. § 1252(a)(2)(C).

Clarke concedes that his crime is defined by IIRIRA as an aggravated felony. He argues[1] that this does not show that Congress intended to render him removable and that such a result would be unconstitutional because he would then be treated differently from similarly situated felons who were placed into removal proceedings before September 30, 1996 and were still eligible for waiver of inadmissibility.

Clarke's claims are foreclosed by this court's decision in Sena v. Gonzales, 428 F.3d 50, 52-53 (1st Cir. 2005), and our earlier decisions in Choeum, 129 F.3d at 37, Seale v. INS, 323 F.3d 150, 157-59 (1st Cir. 2003), and Sousa v. INS, 226 F.3d 28, 33-34 (1st Cir. 2000).

Counsel for Clarke cited none of these obviously relevant cases. Counsel should not repeat such omissions in any future briefs submitted to this court.

The petition for review is denied. So ordered.

---

[1] He does not petition for review of the naturalization portion of the BIA's opinion.