# United States Court of Appeals

## For the First Circuit

No. 05-1755

ANTONIO DALOMBO FONTES,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Circuit Judge,

Campbell, Senior Circuit Judge,

and Lynch, Circuit Judge.

Randy Olen for petitioner.
Terri J. Scadron, Assistant Director, Office of Immigration Litigation Civil Division, United States Department of Justice, with whom Peter D. Keisler, Assistant Attorney General, and Anthony W. Norwood, Senior Litigation Counsel, were on brief for respondent.

March 30, 2007

**CAMPBELL, <u>Senior Circuit Judge</u>**.  Antonio Fontes petitions for review of a deportation order and the denial of his motion to reopen, both the order and the denial having been issued by the Board of Immigration Appeals ("BIA" or "Board").  He makes two contentions:  (1) that the order of deportation is barred by res judicata and (2) that the motion to reopen should have been allowed because he is eligible for a waiver of deportability pursuant to former Immigration and Nationality Act ("INA") section 212(c), 8 U.S.C. § 1182(c) (1994) (repealed) (hereinafter "section 212(c)").  We do not have jurisdiction to resolve Fontes's claim of res judicata, and his second contention is without merit.  We thus deny the petition for review.

### Background and Facts

Fontes is a 43-year-old native and citizen of Cape Verde who entered the United States in 1967 at the age of three.  He was placed in deportation proceedings in November 1993 on the basis of a 1993 conviction in Rhode Island state court for a sexual assault which had occurred in 1985.  He was charged with being deportable pursuant to INA § 241(a)(2)(A)(iii), now 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in INA § 101(a)(43), now 8 U.S.C. § 1101(a)(43) (for having committed a "crime of violence" as defined by 18 U.S.C. § 16), for which the term of imprisonment was at least one year.  The state court had sentenced him to twenty years' imprisonment, with

twelve years suspended and probation for twelve years. He was paroled after four years in 1997. At a hearing before an Immigration Judge ("IJ") on May 21, 1994, Fontes was found not deportable as the charged crime was not an aggravated felony under the then-applicable law. Pursuant to § 501(b) of the Immigration Act of 1990 ("IMMACT") (which added "crimes of violence" to the category of aggravated felony offenses), only crimes of violence committed after the November 1990 effective date of IMMACT would qualify as aggravated felonies. Because Fontes's offense conduct occurred prior to 1990, the IMMACT amendments did not apply. The deportation proceedings were accordingly terminated. The government waived appeal to the Board, and the decision was final.

On September 24, 1997, after passage of the Illegal Immigration Reform and Responsibility Act ("IIRIRA"), the government again brought removal proceedings against Fontes and, based upon the same conviction, charged him again with being deportable as an aggravated felon. He was charged under the INA's new crime of violence provision, INA §§ 101(a)(43)(F), 237(a)(2)(A)(iii), 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii). That provision expressly stated that it would apply retroactively, regardless of whether the conviction at issue was entered before, on, or after September 30, 1996. In a written pleading filed with the Boston immigration court, Fontes admitted the factual allegations contained in the Notice to Appear, which were based on

his 1993 conviction for sexual assault in 1985, but he denied removability and in the alternative sought waivers of inadmissibilty under sections 212(c) and (h) of the INA, 8 U.S.C. §§ 1182(c), (h). On October 28, 1997, an IJ found Fontes deportable on the charge and ordered his removal. The Board denied his appeal on October 9, 1998. Fontes filed with this court a petition for review of the Board's denial of the appeal on November 9, 1998. The petition was dismissed for lack of jurisdiction on February 19, 1999, see Fontes v. INS, No. 98-2209, because the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), amended the INA to preclude judicial review of final deportation orders involving aliens convicted of certain crimes, including aggravated felonies. See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).

Meanwhile, on November 10, 1998, Fontes filed a motion to reopen with the Board, informing it that his counsel never received a transcript or briefing schedule for the appeal and arguing that the case was improperly decided without briefing or argument. On January 21, 1999, the Board denied the motion as untimely. On February 22, 1999, Fontes filed a petition for review of that decision with this court, see Fontes v. INS, No. 99-1214, which we dismissed for lack of jurisdiction, again citing Fontes's aggravated felony conviction.

Fontes then moved the Board for reconsideration of its decision refusing reopening in order to allow an opportunity for briefing. He asserted that "an egregious violation of due process" would result if the Board did not allow him a chance to brief fully his central claim on appeal, that the removal proceeding against him was barred by res judicata. The Board vacated its January 21, 1999 ruling and accepted Fontes's motion for late filing. After full briefing by the parties, the Board, on June 29, 2000, sustained Fontes's appeal in part and remanded the case for further proceedings. The Board specifically rejected Fontes's claim that his offense could not be characterized as an aggravated felony because his criminal conduct predated IIRIRA's amendments to the INA's aggravated felony definition, which had added the crime of violence provision. The Board also affirmed that Fontes was ineligible for a waiver under section 212(c) because of Congress's repeal of that waiver provision in the IIRIRA. The Board, however, found that the record was insufficient for it to evaluate Fontes's argument that his removal was barred by res judicata, because nothing pertaining to the 1993 deportation proceeding had been included in the record. The Board thus remanded for "reconstruction" of the record relating to the 1993 proceeding.

Following record reconstruction, an IJ certified the case back to the Board for a ruling on res judicata. On September 30, 2004, the Board ruled that res judicata was not a bar because

the current removal proceeding was a change in the law brought about by Congress's 1997 amendment of the INA's aggravated felony definition, causing it to apply retroactively to all convictions within its ambit. Such a change in the law, the Board ruled, "is generally considered an exception to the doctrine of res judicata." The Board accordingly dismissed Fontes's administrative appeal. Fontes did not petition this court for review of the Board's September 30, 2004 decision rejecting his res judicata argument, nor did he then petition any federal district court for habeas corpus review.

Approximately three months later, on December 30, 2004, Fontes filed with the Board a motion to reopen in which he argued that he should be allowed to seek discretionary relief under section 212(c) based on the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001), as well as new regulations promulgated by the Attorney General. Appended to the motion to reopen was documentation of the hardships Fontes said his family would suffer if he were removed to Cape Verde.

On April 21, 2005, the Board denied Fontes's motion to reopen. The Board found that Fontes could not qualify for reopening under 8 C.F.R. § 1003.44, which addresses section 212(c) relief for aliens with convictions predating April 1, 1997, when section 212(c) was repealed. See 69 Fed. Reg. 57826 (Sept. 28, 2004). The Board determined that relief under the regulation was

not possible as he was ineligible for a section 212(c) waiver.  His ground of deportability was his conviction of a crime of violence constituting an aggravated felony offense, and for that ground of deportability there was no statutory counterpart in INA section 212(a), as required for a waiver under section 212(c).  As the Board explained,

> No provision in section 212(a) of the Act establishes inadmissbility for a "crime of violence" or any comparable category of offense.  The fact that some or many crimes of violence may render an alien inadmissible under some provisions of sections 212(a) of the Act is not sufficient to meet the test of comparability . . . .  Because section 212(a) has no relevant statutory counterpart, [Fontes] is not eligible for a section 212(c) waiver.  Therefore, he is ineligible for reopening under 8 C.F.R. § 1003.44.

The instant petition for review followed on May 20, 2005.

**Analysis**

**I.  Res Judicata Claim Time-Barred**

Fontes argues first that his deportation order is barred by res judicata.  The government responds that we may not consider this argument because Fontes did not petition this court in a timely manner, i.e., within 30 days of September 30, 2004, for review of the Board's decision denying the res judicata challenge and dismissing his appeal.  Under the current statutory framework, petitions to review in this court must be brought within 30 days of the dates of final orders of removal.  8 U.S.C. § 1252(b)(1); see Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005) (removal order final after dismissal of appeal).  This time limit is a "'strict

jurisdictional requirement.'" Ven v. Ashcroft, 386 F.3d 357, 359 (1st Cir. 2004) (quoting Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003)). A motion to reopen or reconsider does not toll the period for filing a petition for review of an underlying order of deportation. Ven, 386 F.3d at 359.

Fontes responds that he is entitled to relief from the statutory 30-day time limitation because, on September 30, 2004, when the Board handed down its adverse ruling on res judicata and dismissed his administrative appeal, he had no legal remedy in our court for the bringing of a petition for review.[1]

The short answer to Fontes's contention regarding the absence on September 30, 2004, and the following 30 days, of any review process in our court, is that Congress was under no obligation to have provided him with one. The fact that, effective May 11, 2005, Congress for the first time allowed criminal deportees in Fontes's shoes to file petitions for review in this court does not establish that Congress somehow intended to afford Fontes an earlier opportunity. See Stone v. INS, 514 U.S. 386, 405 (1996) ("Judicial review provisions . . . are jurisdictional in

---

[1]The INA at that time precluded review in this court of final deportation orders involving aliens removable by reason of having committed certain criminal offenses, including aggravated felonies, as here. See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). It was for this reason that we earlier denied review to Fontes of prior BIA actions in his case. As explained infra, the REAL ID Act of 2005, making provision for review of removal orders of this type in the circuit courts, did not take effect until May 11, 2005.

nature and must be construed with strict fidelity to their terms"). Nothing in the statute or its history has been called to our attention warranting such an interpretation. Congress's power to fashion immigration procedures is virtually unlimited; only constitutional considerations, not present here, would warrant a court's overriding Congress's carefully-crafted review provisions.

Fontes seeks to avoid the above by comparing his situation with that arising in Rogers v. United States, 180 F.3d 349, 354 (1st Cir. 1999). In that criminal case, we joined other circuits in holding that the district court properly adopted and applied an unwritten one-year grace period, running from the effective date of AEDPA, when reviewing the timeliness of Rogers' § 2255 motion to vacate his criminal conviction and sentence. Id. We quoted a Fourth Circuit case to the effect that,

> When application of a new limitation period would wholly eliminate claims for substantive rights or remedial actions considered timely under the old law, the application is "impermissibly retroactive." . . . The legislature cannot extinguish an existing cause of action by enacting a new limitation period without first providing a reasonable time after the effective date of the new limitation period in which to initiate the action.

Brown v. Angelone, 150 F.3d 370, 373 (4th Cir. 1998) (citations omitted).

Purporting to rely on Rogers, Fontes asks us to establish a grace period of our own, running for 30 days from May 11, 2005, the effective date of the REAL ID Act of 2005 ("RIDA"), Pub. L.

-9-

109-13, Div. B, 119 Stat. 231, for him to have petitioned us for review. As his petition was, in fact, filed on May 20, 2005, this grace period would make timely his petition under RIDA.

As we have said above, however, Congress's authority to establish judicial review procedures in immigration matters is plenary, making it questionable to what extent the precedent in Rogers, a criminal case, would be controlling here. But we need not address that question since the present circumstances are unlike those in Rogers. Here, the RIDA 30-day limitation did not shorten an earlier, more extensive limitations period already applying to the same cause of action. To the contrary, Congress had previously forbidden review petitions to courts of appeals relative to deportation orders involving aliens removable for having committed criminal offenses; no such petitions were authorized until May 11, 2005, the effective date of RIDA. See note 1, supra. It follows that there was no prior more generous limitations period that might have misled Fontes into failing to act sooner. Prior to RIDA's enactment on May 11, 2005, Fontes could, to be sure, have sought review of his res judicata claim in the district court, seeking a quite different kind of federal process, habeas corpus. Mahadeo v. Reno, 226 F.3d 3, 8 (1st Cir. 2000). The existence of that opportunity, of which Fontes did not avail himself, does not provide sufficient reason for this court, without Congressional authority, to create a grace period for him

-10-

to seek a different kind of review in the courts of appeals subsequent to the enactment of RIDA. Especially is this so as Fontes had a liberal length of time, seven months (from September 30, 2004 to May 11, 2005), to have filed for habeas corpus in the district court had he so wished. Reasonable diligence would certainly have strongly suggested that he seek review within that ample period. Had he done so, his habeas petition would have been transferred after May 11, 2005, under RIDA's provisions, as a petition for review in this court. RIDA § 106(c).[2] Congress had understood that district court review proceedings might be in progress prior to the enactment of RIDA and had tailored a special provision to permit them to continue, after transfer, in the courts of appeal. Fontes was entitled to no more. We see no issue of fundamental fairness such as might warrant creating an additional "grace period" for the bringing of a review petition under RIDA, even assuming existence of the power to do so.

Enactment of RIDA terminated any opportunity for relief in the district court and, with no then-pending district court proceeding, Fontes's right to challenge his removal order in this court on res judicata grounds expired. See Chen v. Gonzales, 435 F.3d 788, 789 (7th Cir. 2006) (a petition filed in the district

---

[2]RIDA eliminated habeas review as of May 11, 2005, replacing habeas review, in the case of aliens with criminal convictions wishing to challenge their final orders of deportation and removal, with the right to bring such a challenge by means of a petition for review in the courts of appeal. 8 U.S.C. § 1252(a)(2)(D).

-11-

court after RIDA was enacted can neither be entertained nor transferred). In the circumstances, we are presently without jurisdiction to review Fontes's res judicata claim.

## II. Denial of Motion to Reopen

Fontes argues that the Board erred in finding him ineligible for section 212(c) discretionary relief because (1) he claims the comparability test does not apply to aliens charged with deportability on the basis of specific aggravated felony grounds, and (2) in any event, his crime forming the basis for the aggravated felony/crime of violence finding, first-degree sexual assault, is a "crime involving moral turpitude" under INA section 212(a), 8 U.S.C. § 1182(a), which does have a counterpart in section 212(a) and is thus waivable under section 212(c). He further argues that the Board's finding that he was not eligible for section 212(c) relief violates equal protection by treating similarly situated permanent residents differently based solely on whether they have traveled outside the United States. Having recently ruled in another case that an argument analogous to Fontes's fails, see Kim v. Gonzales, 468 F.3d 58, 62-63 (1st Cir. 2006), we deny the instant petition for review.

The Board's denial of a motion to reopen is reviewed by this court for an abuse of discretion. Chen v. Ashcroft, 415 F.3d 151, 153 (1st Cir. 2005). "An abuse of discretion exists 'where the BIA misinterprets the law, or acts either arbitrarily or

-12-

capriciously.'"   Id. (citations omitted).   We review legal questions, including Fontes's statutory eligibility for section 212(c) relief, de novo.   St. Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir. 2003).   The Board did not misinterpret the law in evaluating Fontes's statutory eligibility for section 212(c) relief or abuse its discretion here.

**a.  Background**

Prior to the enactment of IIRIRA, INA section 212(a) made several classes of aliens excludable from the United States, including those convicted of offenses involving moral turpitude or the illicit traffic of narcotics.  See INA, § 212(a), 8 U.S.C. § 1182(a) (1994).  Pursuant to section 212(c), however, the Attorney General was given broad discretion to waive certain grounds of exclusion and admit excludable aliens.  See St. Cyr, 533 U.S. at 294-95.  Section 212(c) stated, in relevant part, that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General."

By its terms, section 212(c) was literally applicable only to aliens in exclusion proceedings.  However, in 1976, the Second Circuit ruled that it was a denial of equal protection not to extend the waiver opportunity to those being deported as well as

-13-

to those being excluded, Francis v. INS, 532 F.2d 268, 273 (2d Cir. 1976), and the Board afterwards adopted this position, see In re Silva, 16 I. & N. Dec. 26, 30 (BIA 1976). This extension, however, was limited to "deportable resident aliens whose grounds for deportation [were] also grounds for exclusion under section 212(a) for which discretionary relief is available under section 212(c)." Rodriguez v. INS, 9 F.3d 408, 411 (5th Cir. 1993); see In re Granados, 16 I. & N. Dec. 726, 728-29 (BIA 1979) (finding "nothing in the plain language beyond the grounds listed in that section"). In 1990, the Board broadened the applicability of section 212(c) to all grounds of deportability. See In re Hernandez-Casillas, 20 I. & N. Dec. 262 (BIA 1990; A.G. 1991). The following year, however, the Attorney General reversed the Board, concluding that it lacked statutory authority to expand relief under section 212(c) to grounds of deportability where no comparable ground of excludability existed. Id. at 286-89. The Attorney General reasoned that to extend section 212(c) eligibility to deportable aliens in such circumstances would flatly contravene the statutory language in section 212(c) limiting the waiver power to the grounds specifically referenced in section 212(a). Two months later, the Board clarified the comparability test in In re Meza, 20 I. & N. Dec. 257 (BIA 1991), finding that for purposes of comparability analysis, the proper inquiry concerned whether "[t]he specific

-14-

category of aggravated felony at issue" had a statutory counterpart in section 212(a). Id. at 259.

We rejected an attack on the Board's comparability doctrine in Campos v. INS, 961 F.2d 309 (1st Cir. 1992). In that case, an alien found deportable based on a firearms offense challenged the Board's determination that he was ineligible for section 212(c) relief because there was no comparable ground of excludability. Campos argued that the Board's determination that the firearms ground of deportability was not waivable under section 212(c) was inconsistent with Congress's intent, and even if that was what Congress intended, such preclusion of section 212(c) eligibility would violate his equal protection rights. Id. at 312. We rejected both claims, concluding:

> We do not believe the Attorney General erred by attributing to Congress no visible intention to expand the relief set out in § 212(c) beyond that expressly set out in § 212(c) itself. Clearly if any such result was intended, Congress was required by any normal canons to have amended § 212(c). This it failed to do. We are satisfied that the BIA's current interpretation of § 212(c) is supported, and that petitioner's position . . . . is not justified by either the terms or the history of the legislation.

Id. at 315. We likewise rejected Campos's equal protection challenge, finding that Congress's choice to treat different criminal grounds of deportability differently for purposes of discretionary relief withstood rational basis scrutiny, and that Campos was "being treated no differently from any other alien

-15-

convicted of a crime that is a ground for deportation but has no corresponding ground for exclusion." Id. at 316.

**b. Fontes's Claim**

Fontes argues first and most generally that the comparability test somehow does not apply to aliens charged with deportability on the basis of specific aggravated felony grounds. In Sena v. Gonzales, 428 F.3d 50, 53-54 (1st Cir. 2005), however, we found that an alien could not obtain a section 212(c) waiver because there was no comparable ground of excludability under section 212(a) of the INA for the aggravated felony ground on which he was found deportable (encouraging or inducing an alien to reside in the United States, knowing or in reckless disregard of the fact that such residence would be in violation of law). Fontes's argument that the comparability test does not apply to specific aggravated felony grounds fails.[3]

Fontes additionally asserts that his conviction for sexual assault makes him guilty not only of an aggravated felony

_____

[3]Sena also requires that we reject Fontes's argument that under the regulations promulgated to implement St. Cyr, the eligibility of aggravated felons to apply for section 212(c) relief depends on when a particular alien pleaded guilty to the offense forming the basis for the charge, and the length of sentence he served. See 8 C.F.R. § 1212.3(f)(4). That provision does set eligibility requirements for aliens charged with aggravated felony offenses, but it does not preclude the application of other general requirements for section 212(c) eligibility in aggravated felony cases, such as the requirement of a comparable ground of inadmissibility as codified in 8 C.F.R. § 1212.3(f)(5) and applied by us in Sena. 428 F.3d at 53.

-16-

and crime of violence but also of "a crime involving moral turpitude," which is a statutory ground of exclusion, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2000), and which also was waivable before section 212(c) was repealed. Thus, he contends the waiver authority should be extended to him under St. Cyr and the subsequent regulations. We recently held in Kim that this argument fails because there is no waiver authority for one excluded as an "aggravated felon" or one who commits a "crime of violence." 468 F.3d at 62. Thus, the fact that a different ground of deportation (the "crimes of moral turpitude" ground) might have been waived if it also had been invoked against him is irrelevant. Id.

We also reaffirmed in Kim the Board's earlier ruling in In re Brieva, 23 I. & N. Dec. 766, 772-73 (BIA 2005), that there is no basis for saying that, generally, crimes of moral turpitude and aggravated felonies or crimes of violence are essentially the same category. Kim, 468 F.3d at 63. Aggravated felonies and crimes of violence are both categories of crimes or types of crimes, 8 U.S.C. § 1101(a)(43)(2000), 18 U.S.C. § 16 (2000); depending on the scope of the phrase "moral turpitude," it would include some but not necessarily all of those crimes and would surely encompass others not on the list of defined crimes. As we concluded in Kim, "[i]f one followed the approach urged upon us by [the petitioner], it would . . . enlarge the frustration of Congress's own policy preference. Given the possible breadth of the moral turpitude

concept, almost anyone could argue that although found deportable for a serious unwaivable crime, waiver authority should be interpolated because the crime was also one of moral turpitude." 468 F.3d at 63 (emphasis in original).

Finally, as noted, section 212(c) was part of a scheme that juxtaposed various grounds for exclusion (listed in section 212(a)) with qualified authority of the Attorney General (described in section 212(c)) to waive individual grounds in the case of certain permanent residents who were seeking to reenter the country. Kim, 468 F.3d at 62. According to the Second Circuit's equal protection analysis, any statutory waiver opportunity available to an excludable person must be available to a deportable person. Francis, 532 F.2d at 273. But "aggravated felony" and "crime of violence," although statutory grounds for deportation under specified conditions, were not themselves statutory grounds for exclusion; thus the exclusion statute does not provide authority for waivers corresponding to those grounds. Kim, 468 F.3d at 62. As a result, Fontes does not even arguably present an equal protection claim; Congress has not provided waivers for exclusion on these grounds, so it need not provide waivers for deportation on these grounds. Id.[4]

_____

[4]Fontes also argues that the Board erred in denying his appeal because application of the Board's decision in In re Blake, 23 I. & N. Dec. 722 (BIA 2005), in conjunction with the newly promulgated regulation in 8 C.F.R. § 1212.3(f)(5) creates an impermissibly retroactive effect. There is no retroactivity problem in the

-18-

We deny the petition for review.

---

context of this case. The particular ground of deportability here-
-an aggravated felony predicated upon a crime of violence--did not
exist when Fontes pleaded nolo contendere to his sexual assault
offense. At that time, as the IJ originally found in 1993, Fontes
was not deportable as an aggravated felon based on that offense.
Had such a ground existed, Fontes would not have been eligible for
a section 212(c) waiver under the comparability test because then,
as now, no comparable ground of excludability existed for a crime
of violence. The real issue is that the amended aggravated felony
definition under which Fontes was subsequently found removable <u>does</u>
apply retroactively to his case. <u>See</u> IIRIRA § 321(b), 8 U.S.C. §
1101(a)(43); <u>Sousa</u> v. <u>INS</u>, 226 F.3d 28, 33-34 (1st Cir. 2004).
Finally, contrary to Fontes's argument, the application of the
comparability test in his case does not contravene the Supreme
Court's retroactivity holding in <u>St. Cyr</u>. As the Board noted in
<u>Brieva</u>, the Supreme Court did not address the issue of comparable
grounds of excludability in <u>St. Cyr</u>, 23 I. & N. Dec. at 771. It
solely addressed whether IIRIRA's repeal of section 212(c)
foreclosed all aliens in removal proceedings from applying for
section 212(c) relief, regardless of whether he or she had pleaded
guilty to the offense forming the basis of the charge before
IIRIRA's enactment. The Supreme Court's holding that section
212(c) remains available to certain aliens in removal proceedings
does not mean that all aliens covered by the <u>St. Cyr</u> rule actually
are substantively eligible for section 212(c) relief. <u>See</u> <u>Valere</u>
v. <u>Gonzales</u>, 473 F.3d 757, 761 (7th Cir. 2007).

-19-