

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# Villa-Lopez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4822

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Villa-Lopez v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1269.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1269

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-177 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4822
_____

JUAN VILLA-LOPEZ,

Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND
SECURITY; BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES;
WARDEN OF FCI FORT DIX

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-03050)
District Judge: Honorable Jerome B. Simandle

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2007

Before: BARRY, AMBRO and FISHER, <u>Circuit Judges</u>

(Filed: April 17, 2007)

_____

OPINION

_____

PER CURIAM

Juan Villa-Lopez appeals the District Court's order dismissing his petition filed

pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. The procedural history of this case and the details of Villa-Lopez's claims are well-known to the parties, set forth in the District Court's opinion, and need not be discussed at length. During deportation proceedings in 1991, the government sought to deport Villa-Lopez based on a 1988 conviction for the first-degree sexual assault of his young daughter. The IJ granted Villa-Lopez relief from deportation pursuant to § 212(h) of the Immigration and Nationality Act. On appeal, the BIA reversed the IJ's decision and ordered Villa-Lopez deported to Mexico.[1] In 2003, Villa-Lopez was convicted in the District Court for the Eastern District of Wisconsin of illegally re-entering the United States and sentenced to serve sixty months in prison. In his § 2241 petition, filed in July 2006, Villa-Lopez sought to challenge the 1991 order of removal.[2]

The District Court concluded that it lacked jurisdiction over the § 2241 petition under the REAL ID Act. It further determined that it would not be in the interest of justice to transfer the petition to the U.S. Court of Appeals for the Seventh Circuit to be treated as a petition for review because the petition would likely be dismissed as untimely. Villa-Lopez filed a timely notice of appeal, and we have jurisdiction under 28

---

[1] Villa-Lopez argued in his petition that he was not served with the government's notice of appeal or brief to the BIA in his deportation proceeding. He alleged that he was denied the opportunity to defend against the government's appeal before the BIA. However, the government submitted to the District Court the briefs submitted on Villa-Lopez's behalf before the BIA.

[2] Villa-Lopez explicitly stated in his petition that he was not challenging his conviction.

U.S.C. § 1291.

We agree with the District Court that it lacked jurisdiction over the § 2241 petition. See 8 U.S.C. § 1252(a)(5). We further agree that a transfer of the petition to the U.S. Court of Appeals for the Seventh Circuit would not be in the interests of justice. See Chen v. Gonzales, 435 F.3d 788 (7th Cir. 2006).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.