

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2007

# Dure v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2959

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dure v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1056.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1056

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2959
_____

RENE DURE,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A38 762 600
on July 11, 2002
Immigration Judge: Walter A. Durling

_____

Submitted Under Third Circuit LAR 34.1(a)
May 15, 2007

Before: RENDELL, HARDIMAN AND COWEN. CIRCUIT JUDGES

(Filed: May 31, 2007)

_____

OPINION

_____

1

PER CURIAM

Rene Dure petitions for review of a final order of removal, entered July 11, 2002. As the petition was not timely filed, we lack jurisdiction to consider the petition, and will dismiss it.

Dure, a native and citizen of Haiti, was found removable by an Immigration Judge (IJ) on November 6, 2001. The IJ found that Dure had committed an aggravated felony and was ineligible for cancellation of removal under INA § 240A(a). However, the IJ granted deferral of removal to Haiti under the United Nations Convention Against Torture (CAT). On appeal, the Board of Immigration Appeals (BIA) affirmed the aggravated felony determination, held that Dure is ineligible for a waiver or cancellation of removal, and vacated the award of CAT relief. The BIA entered its final order of removal on July 11, 2002.

Nearly three years later, on June 3, 2005, Dure filed a counseled § 2241 habeas petition in the United States District Court for the Eastern District of Louisiana (where he was confined). Dure claimed that he was only recently informed of the BIA's final order of removal, and he sought to challenge that order on the grounds that CAT relief was improperly denied and that he should not have been deemed ineligible for a waiver or cancellation of removal. The District Court, citing the REAL ID Act of 2005– which was enacted before Dure filed his habeas petition– sua sponte transferred the habeas petition to this Court to be docketed as a petition for review. The Government filed two motions

2

to dismiss, both of which were referred to this panel.

The REAL ID Act, which became law on May 11, 2005, amended § 242 of the Immigration and Nationality Act (INA) so that petitions for review filed with the courts of appeals are the "sole and exclusive means for judicial review of" most orders of removal, including the order of removal at issue in this case. See INA § 242(a)(5) [8 U.S.C. § 1252(a)(5)]; see also Bonhometre v. Gonzales, 414 F.3d 442, 445 (3d Cir. 2005). "In so doing, the Act expressly eliminated district courts' habeas jurisdiction over removal orders." Jordon v. Attorney General, 424 F.3d 320, 326 (3d Cir. 2005) (citing Bonhometre, 414 F.3d at 445). Thus, when Dure filed his § 2241 petition in June 2005, the District Court was without jurisdiction to entertain it. Indeed, after May 11, 2005, the only means for review of Dure's removal order was a petition for review.

A petition for review must be filed within 30 days of a final order of removal. See INA § 242(b)(1) [8 U.S.C. § 1252(b)(1)]; Malvoisin v. INS, 268 F.3d 74, 75 (2d Cir. 2001). The courts of appeals "may not extend the time to file" a petition for review of an order of an administrative board, such as the BIA. Fed. R. App. P. 26(b)(2); Malvoisin, 268 F.3d at 76. Because the BIA's decision was filed on July 11, 2002, Dure had until thirty days thereafter to file a timely petition for review.

In his pro se brief, which appears to be a portion of the counseled habeas petition that was filed in the District Court, Dure argues if he had filed a petition for review prior to May 11, 2005, which is when the REAL ID Act became law, his petition would have

been dismissed due to his aggravated felony conviction. Petitioner's Brief at 5.  However, he would have been permitted at that time to seek habeas review under § 2241, and he notes that there was no deadline or limitations period on filing a § 2241 petition to challenge an order of removal.  But because he filed his § 2241 petition after enactment of the REAL ID Act, Dure notes that he is in the position of having no court with jurisdiction to review his claims– this Court lacks jurisdiction because the petition for review is untimely, and the district court no longer has habeas jurisdiction.  Claiming that he is "stranded by retroactive application of the REAL ID Act," id. at 7, Dure essentially raises an equitable argument that some court–presumably this one–should exercise jurisdiction over his claims.

Dure's argument has some appeal.  One might argue that an alien in his situation should have a grace period of 30 days from May 11, 2005, within which to file a timely petition for review.  In Burns v. Morton, 134 F.3d 109 (3d Cir. 1998), this Court held that petitioners had one year from the date of enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) to file their § 2254 or § 2255 petitions.  However, AEDPA's statute of limitations is subject to equitable tolling, see Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616 (3d Cir. 1998), whereas courts have held that the time for filing a petition for review is not.  See e.g., Dakane v. Attorney General, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).  Accordingly, the solution achieved in Burns is not appropriate for a petition for review.  As the Seventh Circuit recently held, "[a] petition

4

under § 2241 filed in a district court after [May 11, 2005] must be dismissed; it can be neither entertained nor transferred." Chen v. Gonzales, 435 F.3d 788, 790 (7th Cir. 2006) (per curiam).

Under these circumstances, we will grant the government's motion to dismiss the petition for review for lack of jurisdiction.[1]

---

[1] Dure's motion for a stay of removal is denied as moot. Catney v. INS, 178 F.3d 190, 196 n.9 (3d Cir. 1999).