# United States Court of Appeals
## For the First Circuit

---

No. 07-2346

ROBINSON WLADIMIR GONZÁLEZ-MESÍAS,

Petitioner,

v.

MICHAEL B. MUKASEY, UNITED STATES ATTORNEY GENERAL,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

Patrick D. O'Neill, Jason P. Ramos, and O'Neill & Gilmore,
P.S.C. on brief for petitioner.
Corey L. Farrell, Attorney, Jeffrey S. Bucholtz, Acting
Assistant Attorney General, and Terri J. Scadron, Assistant
Director, U.S. Department of Justice, on brief for respondent.

---

June 18, 2008

---

**LYNCH**, <u>Chief Judge</u>.    Robinson González-Mesías, a native and citizen of Chile, petitions for review of an August 2, 2007 decision by the Board of Immigration Appeals ("BIA") finding him ineligible for a waiver of deportability, under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed in 1996 but applicable to petitioner).   We deny the petition on the basis of our prior circuit precedent, which rejects the Second Circuit's rule in <u>Blake</u> v. <u>Carbone</u>, 489 F.3d 88 (2d Cir. 2007).   <u>See</u> <u>Dalombo Fontes</u> v. <u>Gonzales</u>, 483 F.3d 115 (1st Cir. 2007); <u>Kim</u> v. <u>Gonzales</u>, 468 F.3d 58 (1st Cir. 2006).

I.

González-Mesías entered the United States in 1978 on a tourist visa, and a year later, he became a lawful permanent resident.   In 1985, González-Mesías pled guilty in Virginia state court to two felonies:  one count of aggravated sexual battery, Va. Code § 18.2-67.3, and one count of sodomy, <u>id.</u> § 18.2-67.1.   He was sentenced to ten years' imprisonment on each charge with the sentences to run concurrently.   The court suspended nine years and 335 days of each sentence.

In January 2005, Immigration and Customs Enforcement initiated removal proceedings against González-Mesías.   The agency charged González-Mesías with removability, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. The first charge was based on his 1985 conviction for aggravated

sexual battery, tying it to the definition of aggravated felony in 8 U.S.C. § 1101(a)(43)(A) ("murder, rape, or sexual abuse of a minor").  The second charge was based on the 1985 sodomy conviction and was tied to 8 U.S.C. § 1101(a)(43)(F) ("a crime of violence . . . for which the term of imprisonment [was] at least one year").[1]

González-Mesías conceded his removability to the Immigration Judge ("IJ") as to the first charge, but challenged the second charge, arguing that his sodomy conviction was not for a "crime of violence."  The IJ found that González-Mesías was deportable on both grounds, and denied the petitioner's application for a waiver of deportation under former INA section 212(c), 8 U.S.C. § 1182(c), finding that González-Mesías was ineligible.

The IJ relied on two BIA decisions, In re Brieva, 23 I. & N. Dec. 766 (B.I.A. 2005), and In re Blake, 23 I. & N. Dec. 722 (B.I.A. 2005), which limit waivers of deportation under section 212(c) to only those grounds of deportability for which there is a comparable ground of inadmissibility under 8 U.S.C. § 1182(a)(2). The IJ held that González-Mesías was barred from relief because his two grounds of deportability, sexual abuse of a minor and a crime of violence, had no comparable grounds of inadmissibility.

---

[1]    The Notice To Appear also included a third charge, that González-Mesías was deportable as an alien convicted of a crime of domestic violence, under 8 U.S.C. § 1227(a)(2)(E)(i), but this charge was later withdrawn.

González-Mesías appealed to the BIA.  He asked the BIA to reconsider its rulings in Brieva and Blake in light of the Second Circuit's decision in Blake v. Carbone, 489 F.3d 88, which disagreed with the "comparable grounds" test set out in Brieva and Blake.  The BIA adopted and affirmed the IJ's decision and rejected the appeal.  It declined to overrule its decisions in Brieva and Blake, and while it recognized the Second Circuit's decision to the contrary, the BIA noted that it "decline[d] to follow the Second Circuit's holding in cases arising outside of that Circuit."  This timely petition followed.

## II.

Our jurisdiction is limited by the provisions of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005).  Under it, we may review only constitutional claims or questions of law raised by criminal aliens under removal orders.  8 U.S.C. § 1252(a)(2)(C)-(D).

Our review of constitutional issues is de novo; our review of issues of law gives deference to the BIA's interpretation of the immigration statutes it is charged with enforcing.  INS v. Aguirre-Aguirre, 526 U.S. 415, 424 (1999).

González-Mesías's main argument is that we should adopt the Second Circuit's rationale in Blake v. Carbone and overrule the "comparable grounds" test.  He recognizes, however, that this would require us to overrule two prior First Circuit cases, Dalombo

-4-

Fontes, 483 F.3d 115, and Kim, 468 F.3d 58. The arguments that González-Mesías makes were squarely presented in both Dalombo Fontes and Kim. Those cases affirmed the BIA's rule in Brieva and rejected the arguments that the Second Circuit adopted in Blake v. Carbone and that González-Mesías repeats here. See Dalombo Fontes, 483 F.3d at 122-23; Kim, 468 F.3d at 61-63. Our upholding of the BIA's comparable grounds test is consistent with rules adopted by the Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits. See Caroleo v. Gonzales, 476 F.3d 158 (3d Cir. 2007); Vo v. Gonzales, 482 F.3d 363 (5th Cir. 2007); Valere v. Gonzales, 473 F.3d 757 (7th Cir. 2007); Abebe v. Gonzales, 493 F.3d 1092 (9th Cir. 2007); Falaniko v. Mukasey, No. 07-9516, 2008 WL 1696968 (10th Cir. Apr. 9, 2008) (unpublished opinion); Rubio v. U.S. Attorney Gen., 182 F. App'x 925 (11th Cir. 2006). Only the Second Circuit's decision in Blake v. Carbone is at odds.

Regardless of the merits of González-Mesías's arguments (and we do not find them convincing), we are bound by the law of the circuit doctrine. That doctrine "holds a prior panel decision inviolate absent either the occurrence of a controlling intervening event (e.g., a Supreme Court opinion on the point; a ruling of the circuit, sitting en banc; or a statutory overruling) or, in extremely rare circumstances, where non-controlling but persuasive case law suggests such a course." United States v. Chhien, 266 F.3d 1, 11 (1st Cir. 2001).

González-Mesías argues that our decisions in <u>Dalombo Fontes</u> and <u>Kim</u> are contrary to the Supreme Court's decision in <u>INS v. St. Cyr</u>, 522 U.S. 289 (2001). First, <u>St. Cyr</u> precedes our decisions in <u>Dalombo Fontes</u> and <u>Kim</u>, and therefore is not a controlling intervening event which would allow this panel to overrule the two cases in the absence of an en banc sitting of this court. Second, in both those cases, we specifically analyzed <u>St. Cyr</u> and held that the comparable grounds test was consistent with the Court's reasoning in <u>St. Cyr</u>. See <u>Dalombo Fontes</u>, 483 F.3d at 122-23; <u>Kim</u>, 468 F.3d at 61-63.

To the extent González-Mesías is making independent constitutional arguments, they are without merit. The BIA's decisions in <u>Blake</u> and <u>Brieva</u> are not inconsistent with prior precedent and they have not been applied in an arbitrary and capricious manner to González-Mesias. And because he was treated the same as similarly situated aliens, there is no equal protection violation. See <u>Dalombo Fontes</u>, 483 F.3d at 123; <u>Kim</u>, 468 F.3d at 62.

The petition is denied.